**BAIRD, and others, Petitioners, v. LA FOLLETTE, attorney general, and others, Respondents.**

*No. State 224 (1974). Argued February 4, 1976.—
Decided March 18, 1976.*
(Also reported in 239 N. W. 2d 536.)

For the petitioners there was a brief by *Percy L. Julian, Jr., Kenneth P. Casey* and *Julian & Associates, S. C.* of Madison and oral argument by *Mr. Julian.*

For the respondents there was a brief by *Bronson C. La Follette,* attorney general, *Ward L. Johnson,* assistant attorney general, *Humphrey J. Lynch,* district attorney

of Dane county, and *William A. Jansen,* deputy city attorney for city of Madison and oral argument by *Mr. Lynch.*

WILKIE, C. J.  The controversy in this original declaratory judgment action, brought in this court by petitioners William R. Baird and Mary Extrom, individually and on behalf of others similarly situated, concerns the asserted unconstitutionality of sec. 450.11 (2), Stats., which prohibits public exhibition and display of contraception and abortion devices.  The full sec. 450.11 provides as follows:

"450.11  **Advertising or display of indecent articles, sale in certain cases prohibited.**  (1) As used in this chapter, the term 'indecent articles' means any drug, medicine, mixture, preparation, instrument, article or device of whatsoever nature used or intended or represented to be used to procure a miscarriage or prevent pregnancy.

"(2) No person, firm or corporation shall publish, distribute or circulate any circular, card, advertisement or notice of any kind offering or advertising any indecent article for sale, nor shall exhibit or display any indecent article to the public.

"(3) No person, firm or corporation shall manufacture, purchase, or rent, or have in his or its possession or under his or its control, any slot machine, or other mechanism or means so designed and constructed as to contain and hold indecent articles and to release the same upon the deposit therein of a coin or other thing of value.

"(4) No person shall sell or dispose of or attempt or offer to sell or dispose of any indecent articles to or for any unmarried person; and no sale in any case of any indecent articles shall be made except by a pharmacist registered under this chapter or a physician or surgeon duly licensed under the laws of this state.

"(5) Any person, firm or corporation violating this section shall be fined not less than $100 nor more than $500 or imprisoned for not to exceed 6 months, or both."

In 1975 the petitioners commenced this action in this court after a three-judge federal district court abstained

from ruling on the constitutionality of this particular subsection (sec. 450.11 (2), Stats.) and directed the petitioners to bring an action in state court.[1] The three-judge federal district court did declare that sec. 450.11 (4) was unconstitutional in prohibiting the sale of contraceptives to any unmarried person. In abstaining from a ruling on the constitutionality of sec. 450.11 (2), the three-judge federal district court declared that this particular subsection of the statute was susceptible of a reasonable and narrow construction covering only commercial exhibitions and displays of contraception and abortion devices, and thus would not apply to these petitioners who sought, as alleged, respectively, to deliver and to observe a free public lecture involving the exhibition and display of contraception and abortion devices.

Petitioner Baird is the director of a New York health center which distributes information on contraception and abortion. He lectures throughout the country on the subjects of birth control and abortion, and often illustrates his lectures by displaying contraception and abortion devices. Petitioner Extrom is an unmarried female resident of Wisconsin who wishes to attend and observe speeches explaining and demonstrating the use of contraception and abortion devices.

Baird was scheduled to give a lecture and demonstration on contraception and abortion devices on August 3, 1971, at the University of Wisconsin-Madison. During the month before this lecture Baird's counsel informed the Dane county district attorney by letter that he intended to exhibit actual contraception and abortion devices during the course of his speech. The district attorney made no reply to this letter, although he had in the past publicly stated his intention to enforce the provisions of sec. 450.11 (2), Stats.

---

[1] *Baird v. Lynch* (D. C. Wis. 1974), 390 Fed. Supp. 740.

4

On August 3d Baird addressed a large public audience at the University of Wisconsin-Madison, including the petitioner Extrom. However, out of fear of prosecution, he did not exhibit actual contraception and abortion devices during his lecture, but limited his displays to facsimiles. A detective for the Dane county sheriff's department attended the lecture, and afterwards closely examined the board upon which Baird had displayed the facsimile devices. Had Baird carried out his original intention of exhibiting actual devices, there was a strong probability that he would have been prosecuted for violation of sec. 450.11 (2), Stats. Baird desires to return to Madison to deliver a lecture in which he would display actual contraception and abortion devices, but fears to do so because of the threat of prosecution under sec. 450.11 (2).

Just prior to the scheduled lecture, the petitioners here, William R. Baird and Mary Extrom, filed suit in federal district court seeking a declaratory judgment that sec. 450.11 (2) and (4), Stats., were unconstitutional. A three-judge federal district court was subsequently convened and ruled (1) that Baird and Extrom had standing to sue; (2) that a justiciable controversy was presented; (3) that sec. 450.11 (4) was unconstitutional insofar as it prohibited the sale or disposal of contraceptive devices to unmarried persons; and (4) abstained from a ruling on the constitutionality of sec. 450.11 (2) on the ground that that subsection was susceptible of a narrow construction by the Wisconsin state courts, which would avoid the constitutional objections of the petitioners.

Thus the sole issue for us to consider here is whether sec. 450.11 (2), Stats., can be constitutionally construed to ban only purely commercial exhibitions and displays of such devices.

Subsection (2) of sec. 450.11, Stats., contains a blanket prohibition of exhibition or display of contraception and

abortion devices in public. On its face this sweeping prohibition imposes criminal sanctions for an exhibition or display during a free public lecture such as the one given by Baird. This prohibition presents obvious constitutional difficulties. The First Amendment protects peaceful displays intended to communicate ideas, even though such displays are not "pure speech."[2] The conclusion that the displays are protected in this case is further compelled by the fact that they were intimately linked as visual aids to the obviously protected verbal expression of lecturer Baird. Baird's exhibition and lecture formed a single educational presentation within the protection of the First Amendment. In addition, the subject matter of this presentation is of constitutional stature, since it related to intimate aspects of sexual life protected by the right of privacy,[3] as well as to matters of public interest such as birth control and population growth.

Where there is serious doubt of constitutionality, we must look to see whether there is a construction of the statute which is reasonably possible which will avoid the constitutional question.[4] The federal court concluded

[2] *Cohen v. California* (1971), 403 U. S. 15, 91 Sup. Ct. 1780, 29 L. Ed. 2d 284; *Tinker v. Des Moines Independent Community School Dist.* (1969), 393 U. S. 503, 89 Sup. Ct. 733, 21 L. Ed. 2d 731.

[3] *Roe v. Wade* (1973), 410 U. S. 113, 93 Sup. Ct. 705, 35 L. Ed. 2d 147; *Eisenstadt v. Baird* (1972), 405 U. S. 438, 92 Sup. Ct. 1029, 31 L. Ed. 2d 349; *Griswold v. Connecticut* (1965), 381 U. S. 479, 85 Sup. Ct. 1678, 14 L. Ed. 2d 510.

[4] *Curtis v. Loether* (1974), 415 U. S. 189, 192, 94 Sup. Ct. 1005, 39 L. Ed. 2d 260; *United States v. Thirty-Seven Photographs* (1971), 402 U. S. 363, 368, 369, 91 Sup. Ct. 1400, 28 L. Ed. 2d 822, and cases there cited; *United States v. Rumely* (1953), 345 U. S. 41, 46, 73 Sup. Ct. 543, 97 L. Ed. 770, and cases there cited; *Madison Metropolitan Sewerage Dist. v. Stein* (1970), 47 Wis. 2d 349, 357, 177 N. W. 2d 131; *Chicago & N. W. Ry. v. Public Service Comm.* (1969), 43 Wis. 2d 570, 577, 578, 169 N. W. 2d

that this statute is susceptible of an interpretation which would prohibit only the exhibition or display of contraception and abortion devices in a commercial setting. We agree. The first part of sec. 450.11 (2), Stats., proscribes public advertising "for sale" of such devices, and it is reasonable to assume that, in the second part of this subsection, the legislature intended to prohibit only purely commercial public exhibitions or displays. Thus we construe the language of this subsection to proscribe only purely commercial exhibitions or displays of contraception and abortion devices for the purpose of sale.

By "purely commercial" exhibitions and displays we refer only to exhibitions and displays of one or more particular manufacturers of contraception and abortion devices, intended solely to sell these devices.[5] In other words, sec. 450.11 (2), Stats., bans only exhibitions and displays which amount to a pure proposal to enter into a commercial transaction.[6] Exhibitions and displays which are educational and informational in character are not prohibited by sec. 450.11 (2) whether they occur in the context of free public lectures or even in a commercial setting. A good-faith educational presentation of general information regarding contraception and abortion cannot constitutionally be banned, even if it is "mixed" with commercial information.[7]

We determine that our task is completed by this narrow construction of sec. 450.11 (2), Stats.[8] We do not

65; *Gelencser v. Industrial Comm.* (1966), 31 Wis. 2d 62, 66, 141 N. W. 2d 898.

[5] *Population Services International v. Wilson* (D. C. N. Y. 1975), 398 Fed. Supp. 321, 337.

[6] *See: Bigelow v. Virginia* (1975), 421 U. S. 809, 95 Sup. Ct. 2222, 2232, 44 L. Ed. 2d 600.

[7] *Population Services International v. Wilson, supra,* footnote 5, at page 337.

[8] We note that a bill, S. 368, has now been passed by both the state assembly and the state senate and is awaiting review and

reach the question of whether the petitioners have standing to challenge this statute as narrowly construed, and the further question of the constitutionality of the statute as narrowly construed, in light of *Bigelow*[9] and *Population Services International.*[10] The federal court has retained jurisdiction in this case and the petitioners have in their complaint specifically reserved their right to return to that forum.

Although we consider that the petitioners' reservation of their right to return to federal district court "in the event the federal claims raised here are determined adversely" is not a proper reservation,[11] we decline to rule upon these claims of unconstitutionality under the narrow construction, and we leave the petitioners to litigate these claims in the action which is still pending in the federal district court.

*By the Court.*—Sec. 450.11 (2), Stats., construed; the court refrains from deciding whether the section as so construed is unconstitutional since the petitioners' federal claims have been specifically reserved for determination in the federal district court.

approval by the governor. This bill repeals and recreates sec. 450.11 of the statutes. In addition to deleting the definition of abortion and contraception devices as "indecent articles" and deleting the ban under sec. 450.11 (4) of the sale of contraceptives to unmarried persons (declared unconstitutional in *Baird v. Lynch, supra,* footnote 1), the bill forbids exhibition and display of abortion devices outrightly, but changes the statute to forbid exhibition and display of contraceptives only "for commercial purposes."

[9] *Supra,* footnote 6.

[10] *Supra,* footnote 5.

[11] *England v. Louisiana State Board of Medical Examiners* (1964), 375 U. S. 411, 84 Sup. Ct. 461, 11 L. Ed. 2d 440.