William R. BAIRD et al., Plaintiffs,

v.

Humphrey LYNCH et al., Defendants.

No. 71–C–254.

United States District Court,
E. D. Wisconsin.

March 5, 1979.

Julian & Associates by Jeff Scott Olson, Madison, Wis., for plaintiffs.

Bronson C. Lafollette, Atty. Gen. by Ward L. Johnson, Asst. Atty. Gen., William A. Jansen, Asst. City Atty., James E. Doyle, Jr., Dist. Atty., Madison, Wis., for defendants.

Before FAIRCHILD, Circuit Judge, and REYNOLDS and GORDON, District Judges.

### DECISION and ORDER

PER CURIAM.

The plaintiffs commenced this action on July 23, 1971, challenging the constitutionality of two provisions of what was then § 450.11, Wis.Stats. Subsection (2) prohibited the display, advertisement or sale of contraceptives by anyone other than a pharmacist, and subsection (4) prohibited the sale of contraceptives to unmarried persons.

In an order dated November 26, 1974, the court granted an injunction barring the enforcement of the statutory prohibition of the sale of contraceptives to unmarried per-

sons. 390 F.Supp. 740 (W.D.Wis.1974). With respect to the plaintiffs' challenge to subsection (2), the court abstained in order to permit the state courts to construe that subsection. Subsequently, the Wisconsin supreme court limited the scope of subsection (2). *Baird v. LaFollette*, 72 Wis.2d 1, 239 N.W.2d 536 (1976). Later, the state legislature repealed the provision and replaced it with present subsection (3) of § 450.11, Wis.Stats.

On December 27, 1976, following the actions of the state supreme court and the state legislature, this court held that no genuine controversy remained in the case and thus dismissed it for lack of subject matter jurisdiction. Final judgment in the case was entered on the same date.

On August 31, 1978, the plaintiffs filed the motion presently before us for relief from final judgment pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure. The plaintiffs' motion is grounded on their claim of entitlement to attorney's fees under the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988. That act has been held to apply to cases pending as of its date of enactment, October 19, 1976. *See e. g., Bond v. Stanton*, 555 F.2d 172 (7th Cir. 1977). For the reasons which follow, the plaintiffs' motion to reopen this case will be denied.

Rule 60(b) provides in pertinent part:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based

has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

"Rule 60(b) provides for extraordinary relief. Because of the interest in finality of judgments, Rule 60(b) requires a showing of exceptional circumstances or a grievous wrong evoked by new and unforeseen conditions." *De Filippis v. United States,* 567 F.2d 341, 342 (7th Cir. 1977).

The plaintiffs had an opportunity to make a motion for attorney's fees at the end of this case. Furthermore, within a year after the final judgment in this case was entered, the plaintiffs could have moved to reopen the judgment under Rule 60(b)(1) for "excusable neglect." Having failed to take either of these steps, the plaintiffs filed the instant motion over 20 months after final judgment in this case was entered.

The plaintiffs contend that the exceptional circumstances required for relief under Rule 60(b) exist in this case by virtue of the fact that the Attorney's Fees Act of 1976 was only in effect for two months when this case was dismissed. The plaintiffs also urge that only recent case law has made it apparent to them that they might be "prevailing parties" under the Act.

The plaintiffs' contentions are not compelling. Courts are generally agreed that in view of the interest in finality of judgments a change in the law does not alone justify relief under Rule 60(b)(6). *See e.g., De Filippis v. United States,* 567 F.2d 341, 343 n. 5 (7th Cir. 1977); *Title v. United States,* 263 F.2d 28, 31 (9th Cir. 1959). We conclude that the plaintiffs have failed to establish any exceptional circumstances which would justify reopening a case which had been closed for over 1½ years at the time of their motion.

Therefore, IT IS ORDERED that the plaintiffs' motion for relief from the final judgment in this case be and hereby is denied.