Jeffry M. BERG, Plaintiff-Respondent,

SUMMIT FIDELITY & SURETY COMPANY, Intervenor-Appellant,

v.

Elizabeth SCHULTZ, individually and d/b/a, Schultz's Bar, Defendant-Third Party Plaintiff-Respondent,

v.

Brad LUOSTARI, Third-Party Defendant.

Court of Appeals

*No. 94–0984. Submitted on briefs November 21, 1994.—Decided December 13, 1994.*

(Also reported in 526 N.W.2d 781.)

On behalf of the intervenor-appellant, the cause was submitted on the briefs of *Marko J. Mrkonich, Jeffrey J. Bouslog* and *Craig A. Cook* of *Oppenheimer, Wolff & Donnelly* of Minneapolis.

On behalf of the defendant-third-party plaintiff-respondent, the cause was submitted on the brief of *Boad S. Swanson* of *Markovich, Cochrane & Milliken* of Superior.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Summit Fidelity and Surety Company appeals a summary judgment granted in favor of Jeffry Berg and Elizabeth Schultz individually and Schultz's Bar (collectively Schultz) based on the determination that Summit owes a duty to defend and indemnify Schultz as to the claims asserted against the bar.[1] Summit contends that there was no coverage under the insurance policy because Berg's injuries "arose out of" an assault and/or battery, which Summit asserts is an exception to the coverage. Because we conclude that the assault and battery exclusion does apply, we reverse the trial court.

## BACKGROUND

This negligence action was commenced on September 30, 1993, when plaintiff, Jeffry Berg, filed a complaint against Schultz. Berg and another patron, Brad Luostari, were customers at Schultz's Bar the night in question. Berg's complaint alleged that Luostari assaulted him, causing severe and grievous injuries. As a result, Berg claimed that Schultz breached its duty to protect its patrons from injuries caused by other patrons.

At the time of the incident, Schultz was covered by a liability insurance policy issued by Summit. The policy contained the following insuring agreement:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those dam-

[1] Summit filed a petition for leave to appeal the trial court's nonfinal judgment, which was granted in June 1994.

ages. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.

. . . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

(2) The "bodily injury" or "property damage" occurs during the policy period.

Furthermore, an "occurrence" is defined in the policy as meaning: "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Last, the insurance policy included an exclusion by endorsement that read:

This insurance does not apply to "bodily injury" or "property damage" or "personal injury" arising out of Assault and/or Battery.

Definition: Assault: An apparently violent attempt or a willful offer with force or violence to do hurt to another without the actual doing of the hurt threatened.

Battery: The act of battering or beating.

Assault & Battery: Shall be deemed to include the forcible ejection or exclusion or attempt thereof of any person or persons from the premises by the Named Insured, their employees or agents.

Schultz made a claim under the policy, requesting that Summit defend Schultz in the lawsuit and indemnify Schultz for any damages it is required to pay as a result. Summit intervened, filing a complaint for declaratory judgment, alleging that there is no insur-

174

ance coverage for Berg's lawsuit due to the assault and battery exclusion of the policy.

The trial court granted summary judgment in favor of Berg and Schultz, finding that the assault and battery exclusion in Summit's policy did not apply to the bar fight between the two patrons because the action was based on Schultz's negligent failure to protect its patrons, not on the theory of assault or battery. Summit appeals the summary judgment.

## DISCUSSION

This appeal involves the interpretation of an insurance contract presenting a question of law, which we review independently of the trial court. *Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 810, 456 N.W.2d 597, 598 (1990). When the policy's terms are plain on their face, we need not employ either construction or case law to bolster our recognition of the policy's plain meaning. *Paape v. Northern Assur. Co.*, 142 Wis. 2d 45, 51, 416 N.W.2d 665, 668 (Ct. App. 1987). The meaning of the terms of a policy are assessed by what a reasonable person in the position of the insured would interpret. *Kremers-Urban Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 735, 351 N.W.2d 156, 163 (1984). An ambiguity exists when the policy is reasonably susceptible to more than one interpretation from the viewpoint of a reasonable person. *Schroeder v. Blue Cross & Blue Shield*, 153 Wis. 2d 165, 173, 450 N.W.2d 470, 473 (Ct. App. 1989). Last, an insurance policy must be considered as a whole to give reasonable meaning to every provision. *Paper Mach. Corp. v. Nelson Foundry Co.*, 108 Wis. 2d 614, 620, 323 N.W.2d 160, 163 (Ct. App. 1982).

First, Summit contends that although the plaintiff's theory of liability was negligence and the exclusionary language pertains to assault and battery, the exclusion still applies. It contends that the assault and battery exclusion applies whenever the plaintiff's bodily injury "arises out of" an assault or battery, regardless of the theory of liability. We agree and conclude that the cause of action does not need to be founded in the theory of assault or battery in order for the exclusion to apply.

Because this is a case of first impression, we look to other jurisdictions for guidance. Based on similarly worded exclusions, other courts have concluded that a plaintiff asserting a cause of action against a proprietor or operator under a theory of negligence does not avoid the assault and battery exclusion of an insurance policy. *See, e.g., Illinois Employers Ins. v. Dragovich*, 362 N.W.2d 767, 769 (Mich. App. 1984) (whether coverage exists is based on the injury not the nomenclature of the underlying claim); *Ross v. Minneapolis,* 408 N.W.2d 910, 913 (Minn. App. 1987) (trial court erroneously examined legal theory under which plaintiff brought claim); *Sphere Drake Ins. Co. v. Litchfield,* 438 S.E.2d 275, 277 (S.C. App. 1993) (negligence claims against nightclub operators for bodily injury "arising out of" assault and battery came within the exclusion).

In a similar factual scenario in which a tavern fight erupted where a patron was assaulted by another patron and the owners were accused of negligence, a federal district court articulated:

> It is undoubtedly true that for plaintiffs to recover in this suit, they must demonstrate that their injuries were caused by the allegedly negligent acts. But, although the injuries must, in this

sense, have been caused by [defendant's] negligent acts, it does not follow that these same injuries did not "aris[e] out of assault and battery." Plaintiffs' real contention is that their injuries arose out of an assault and battery, which in its turn, arose out of [defendant's] negligence. Thus, plaintiff's injuries are unambiguously excluded from coverage by the assault and battery exclusion.

*St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's, Inc.,* 582 F. Supp. 865, 868-69 (E.D. Pa. 1984) (quoting *Sauter v. Ross Restaurants, Inc.,* No. 80-1202, slip op. at —— (E.D. Pa. May 21, 1981)).

We must focus on the incident or injury that gives rise to the claim, not the plaintiff's theory of liability. The *Dragovich* court reasoned: "Inasmuch as the insurer must look beyond the precise wording of the allegations in a third party's complaint against its insured to determine whether coverage is possible, so must the allegations be examined to determine the substance, as opposed to the mere form, of the complaint." *Id.,* 362 N.W.2d at 769. The concept of insurance coverage focusing on the incident itself and not the theory of liability is supported by Wisconsin case law as well. *See Bankert by Habush v. Threshermen's Mut. Ins. Co.,* 110 Wis. 2d 469, 480, 329 N.W.2d 150, 155 (1983) (policy in question insured against occurrences, not theory of liability). This rationale is persuasive. Berg alleged Schultz's negligent failure to protect him from harm, which was caused by the intentional assault by Luostari. The incident in question, Luostari's assault of Berg, must be examined to determine if coverage exists, not the theory of liability. Accordingly, the assault and battery exclusion may apply when a negligence action is alleged.

Second, Summit contends that the language of the assault and battery exclusion is clear on its face; that the exclusion provides that bodily injury or property damage "arising out" of an assault or battery is not covered by the policy. On the other hand, Schultz contends that the language of the exclusion is ambiguous because the additional paragraph, entitled "Assault & Battery," delineates that the exclusion is only applicable to actions of the named insured, their employees or agents, thus confusing whom the assault and battery exclusion applies to. We conclude that a reasonable person in the position of the insured would not find the exclusion as susceptible to more than one meaning; therefore, the exclusion is unambiguous. *Cf. Schroeder*, 153 Wis. 2d at 173, 450 N.W.2d at 473. Accordingly, the exclusion necessitates denial of coverage of Berg's assault and the consequent negligence action.

Here, the exclusion defines assault and battery separately, along with a paragraph clarifying forcible ejection of a patron by the insured or its agents. This paragraph includes forcible ejection in the definition of assault and battery, clarifying that if a patron is ejected by an agent or employee of Schultz's Bar, coverage is excluded. This paragraph's purpose is to broaden the definition of assault and battery to include ejection of a patron in the exclusion. The actions of the named insured, employees or agents are specific to this paragraph and do not modify the two other definitions of the exclusion. Construing the entire exclusion to apply to acts only by the named insured, their employees or agents is contrary to the plain language of the policy.

Although the policy language is plain and unambiguous and we need not look beyond the four corners

178

of the document, we observe that our conclusion finds support in other jurisdictions as well. In a Texas case involving an assault and battery exclusion, the insured parties argued that the exclusion failed to state against whom the bodily injury must be made or whether the assault or battery actually had to occur and, therefore, the exclusion did not apply. *Tarrant County Ice Sports, Inc. v. Equitable Gen. Life Ins. Co.,* 662 S.W.2d 129, 131 (Tex. Ct. App. 1983). The appellate court disagreed, basing its decision on the fact that the exclusion clearly carved out an exception to the insurance coverage of bodily injuries caused by assault or battery. *Id.* at 131-32. The court refuted the insureds' theory that the exclusion did not apply to third parties because such an argument would render the language of the exclusion totally meaningless and superfluous. *Id.* at 132.

Therefore, we conclude that the assault and battery exclusion is unambiguous and applies in this case. The only reasonable interpretation of the exclusion is that it applies to any damages arising out of assault or battery committed by anyone. The insurance policy stated in unambiguous terms that there was no coverage for bodily injury "arising out of" an assault or battery. As the endorsement indicates, the exclusion is labeled, underlined and in capital letters. The parties both contracted to this insurance policy with this exclusion clearly defined. We will not rewrite this insurance contract to insure a risk that was not intended by the parties and that would have an unreasonable result. *See Paape,* 142 Wis. 2d at 51, 416 N.W.2d at 668. Because Berg's claim arises out of the assault by Luostari, Summit is not required to defend Schultz in this lawsuit or to indemnify Schultz in case of loss suffered as a result of Berg's claims.

*By the Court.*—Order reversed.