**2022 WI App 46**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.: 2021AP1054

†Petition for Review filed

Complete Title of Case:

**FEMALA FLEMING,**

    **PLAINTIFF-APPELLANT,**

    **V.**

**AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.,**

    **DEFENDANT-RESPONDENT. †**

| | |
|---|---|
| Opinion Filed: | July 14, 2022 |
| Submitted on Briefs: | March 10, 2022 |

| | |
|---|---|
| JUDGES: | Kloppenburg, Graham, and Nashold, JJ. |

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jason Sandler* of *Herman Law*, Boca Raton, Florida, and *James Scoptur* of *Aiken & Scoptur*, Brookfield. |
| Respondent<br>ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *John J. Reid* of *Cassiday Schade LLP,* Milwaukee. |

**2022 WI App 46**

## COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 14, 2022

**Sheila T. Reiff**
**Clerk of Court of Appeals**

### NOTICE

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No. 2021AP1054**

**STATE OF WISCONSIN**

**Cir. Ct. No. 2020CV1789**

**IN COURT OF APPEALS**

---

**FEMALA FLEMING,**

    **PLAINTIFF-APPELLANT,**

  **V.**

**AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.,**

    **DEFENDANT-RESPONDENT.**

---

APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Order reversed and cause remanded for further proceedings.*

Before Kloppenburg, Graham, and Nashold, JJ.

¶1 KLOPPENBURG, J. Femala Fleming sued Amateur Athletic Union of the United States, Inc. (AAU), alleging negligent hiring and supervision of a volunteer

basketball coach who was an AAU member and who sexually assaulted Fleming when she was a teenaged member of an AAU sponsored basketball club. The circuit court dismissed Fleming's negligence action as untimely under WIS. STAT. § 893.54 (2019-20).[1] On appeal, Fleming argues that the applicable limitation statute is WIS. STAT. § 893.587, which preserves certain causes of action related to child sexual assault until the claimant is thirty-five years old.[2] AAU argues that § 893.587 applies only to suits brought against the claimant's abuser, or, in cases involving abuse by a member of the clergy, suits brought against a religious organization, and AAU is neither Fleming's abuser nor a religious organization.

¶2    We agree with Fleming. WISCONSIN STAT. § 893.587 in pertinent part extends until a claimant is thirty-five years old the time to file "[a]n action to recover damages for injury caused by an act that would constitute a violation of" certain enumerated statutes that define as crimes certain conduct related to child sexual assault. Sec. 893.587. Here, Fleming's action for negligent hiring and supervision alleges that

---

[1] WISCONSIN STAT. § 893.54(1m)(a) requires that "[a]n action to recover damages for injuries to the person" be commenced within three years.

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] As explained below, WIS. STAT. § 893.587, titled "Sexual assault of a child; limitation" enumerates several statutes that define as crimes various acts of sexual assault and incest. We will refer to those statutes generally as child sexual assault statutes or statutes that relate to child sexual assault.

Our supreme court has used the term "limitation statutes" to include both statutes of limitation and statutes of repose. *Wenke v. Gehl Co.*, 2004 WI 103, ¶¶4, 15, 28, 274 Wis. 2d 220, 682 N.W.2d 405. "'Statutes of repose operate differently from statutes of limitations. A statute of limitation[] usually establishes the time frame within which a claim must be initiated after a cause of action actually accrues. A statute of repose, by contrast, limits the time period within which an action may be brought based on the date of an act or omission. A statute of repose does not relate to the accrual of a cause of action.'" *Id.*, ¶50 (quoting *Hamilton v. Hamilton*, 2003 WI 50, ¶29, 261 Wis. 2d 458, 661 N.W.2d 832). In ¶¶44-48 below, we explain that any distinction between statutes of limitation and statutes of repose does not affect the outcome of this case.

AAU is liable for damages for the injuries that were caused by acts that constitute a violation of one or more of the statutes enumerated in § 893.587, committed by AAU's alleged "servant."[3]  Accordingly, we conclude, based on the pertinent language of the statute and consistent with case law, that § 893.587 is the applicable limitation statute. We also conclude, based on the language of the statute and consistent with case law, that the tolling statute, WIS. STAT. § 893.13, applies to actions brought under § 893.587. Therefore, Fleming's action is timely, and we reverse the circuit court's order granting AAU's motion to dismiss and remand for further proceedings.

## BACKGROUND

¶3     The following facts are taken from the allegations in the complaint and undisputed federal and state court case records.

¶4     AAU is a non-profit, multi-sport organization that offers amateur sports programs and events for minors. Fleming was a member of a youth basketball club affiliated with AAU during the years 1997-2000, when she was between the ages of thirteen and sixteen. Fleming's basketball coach during this time was Shelton Kingcade, who himself was a member of the AAU. While serving as her coach, Kingcade sexually assaulted Fleming on multiple occasions, including in hotel rooms when they attended basketball tournaments in Wisconsin and Minnesota which were sanctioned and organized by AAU.[4]

---

[3]  In briefing, Fleming refers to the coach as an alleged "servant" of AAU, and AAU refers to the coach as an alleged "member, non-employee, volunteer" of AAU. As the nature of the coach's relationship to AAU is not raised as an issue in this appeal, we use the term "servant" for convenience.

[4]  Kingcade was subsequently convicted of repeated sexual assault of the same child under WIS. STAT. § 948.025(1) and second degree sexual assault of a child under WIS. STAT. § 948.02(2) for the conduct that is alleged in the current action. *See* Dane County Circuit Court case No. 2015CF1094.

¶5      In November 2019, when she was thirty-four years old, Fleming filed suit against AAU and others in federal court alleging causes of action related to Kingcade's sexual assault of Fleming. ***Doe v. Amateur Athletic Union of the United States, Inc., et al.***, W.D. Wis. 19-cv-00901-jdp. The lawsuit was dismissed on August 11, 2020, for lack of personal jurisdiction. ***Id.***

¶6      On August 31, 2020, Fleming filed the current action in Dane County circuit court. AAU moved to dismiss, arguing that the action is untimely under the applicable three-year limitation statute, WIS. STAT. § 893.54(1m)(a). AAU also argued that the extended period of limitation in WIS. STAT. § 893.587 is inapplicable because it allows a person injured by certain acts of sexual assault to file a civil suit before the person reaches age thirty-five against only the injured person's abuser, and AAU is not Fleming's abuser.

¶7      Fleming responded by arguing that "the language of [WIS. STAT.] § 893.587, 'injury caused by an act that would constitute a violation of [enumerated criminal statutes],' describes a claim of negligent hiring or supervision where the underlying wrongful act by the defendant's servant is also a violation of one of the enumerated criminal statutes." Fleming argued that § 893.587 does not limit who may be liable for such an injury-causing act. In addition, Fleming argued that the current action is timely under § 893.587 because she initiated the lawsuit in federal court when she was thirty-four, and she filed the present action in Dane County within thirty days from the date of final disposition of the federal court action in compliance with the applicable tolling statute, WIS. STAT. § 893.13.[5]

¶8      In supplemental briefing, AAU argued that the tolling statute, WIS. STAT. § 893.13, applies only to statutes of limitation, and, therefore, it does not apply to WIS.

---

[5] WISCONSIN STAT. § 893.13(2)-(3) states that any law providing a time limit for commencement of an action is tolled by the commencement of the action until its final disposition and the period of limitation is then extended by thirty days after final disposition of that action.

STAT. § 893.587 because § 893.587 is a statute of repose. AAU argued that because Fleming filed this action when she was already thirty-five, her claim is untimely under § 893.587. Fleming responded that § 893.587 is a statute of limitation, but that regardless of such characterization, § 893.13 applies to both statutes of limitation and statutes of repose and, accordingly, her current action is timely as it was filed within thirty days of her federal action being dismissed.

¶9 The circuit court granted AAU's motion to dismiss.

¶10 Fleming appeals.

## DISCUSSION

¶11 In her complaint, Fleming alleges that Kingcade "sexually abused" her when she was thirteen to sixteen years old, and that the "acts of sexual abuse included vaginal intercourse, oral sex and anal sex." Fleming also alleges that she suffered "severe psychological and emotional injuries" "as a result of the sexual assaults" by Kingcade, as well as "severe psychological, emotional and physical injuries and emotional distress" "as a direct and proximate result of Defendant AAU's negligence" in hiring and supervising Kingcade. Thus, Fleming seeks damages for injury that was caused by Kingcade's acts, and alleges that AAU's negligence caused Kingcade's injury-causing acts.

¶12 Whether the circuit court properly granted AAU's motion to dismiss based on Fleming's action being untimely depends on whether WIS. STAT. § 893.587 applies to her negligent hiring and supervision cause of action and, if so, whether the tolling statute, WIS. STAT. § 893.13, applies to the circumstances here. These issues are matters of statutory interpretation. We first state the standard of review governing a circuit court's order granting a motion to dismiss and the general principles governing statutory

5

interpretation. We next apply those principles to address the interpretation and application first of § 893.587 and, given our conclusion that § 893.587 applies, then of § 893.13.

## I. Standard of Review and Legal Principles

¶13 This court reviews de novo the legal question of whether a complaint states a claim on which relief can be granted. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. "Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom," in favor of the party against whom the motion is brought. *Id.*, ¶19 (quoted source omitted); *Preston v. Meriter Hosp., Inc.*, 2005 WI 122, ¶13, 284 Wis. 2d 264, 700 N.W.2d 158. This court does not add facts when analyzing the sufficiency of the complaint, nor does this court accept as true any legal conclusions it states. *Data Key Partners*, 356 Wis. 2d 665, ¶19. To survive a motion to dismiss, a complaint "must allege facts that, if true, plausibly suggest a violation of applicable law." *Id.*, ¶21; *see also* WIS. STAT. § 802.02(1)(a) (complaint must show "that the pleader is entitled to relief.").

¶14 "[A]n otherwise sufficient claim will be dismissed if that claim is time barred." *Pritzlaff v. Archdiocese of Milwaukee*, 194 Wis. 2d 302, 312, 533 N.W.2d 780 (1995). A motion to dismiss for failure to meet a limitation statute "can be decided on the sufficiency of the facts alleged in the petition when combined with those facts asserted by the response when there is no conflict." *Johnson v. Litscher*, 2001 WI App 47, ¶4, 241 Wis. 2d 407, 625 N.W.2d 887.

¶15 "The interpretation and application of statutes present questions of law that we review independently." *Brey v. State Farm Mut. Auto. Ins. Co.*, 2022 WI 7, ¶9, 400 Wis. 2d 417, 970 N.W.2d 1. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.

When interpreting a statute, Wisconsin courts begin with the statutory language. *Id.* The words used by the legislature are to be given their "common, ordinary, and accepted meaning." *Id.*, ¶45. In addition, statutory language must be interpreted "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

¶16     A review of statutory history is part of our analysis "because it is part of the context in which we interpret statutory terms." *County of Dane v. LIRC*, 2009 WI 9, ¶27, 315 Wis. 2d 293, 759 N.W.2d 571 (quoted source omitted); *Brey*, 400 Wis. 2d 417, ¶20.

¶17     "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Bruno v. Milwaukee Cnty.*, 2003 WI 28, ¶20, 260 Wis. 2d 633, 660 N.W.2d 656.

II.  WISCONSIN STAT. § 893.587

¶18     WISCONSIN STAT. § 893.587 states:[6]

> 893.587 Sexual assault of a child; limitation.
>
> An action to recover damages for injury caused by an act that would constitute a violation of [WIS. STAT. §§ .]948.02, 948.025, 948.06, 948.085, or 948.095 or would create a cause of action under s. 895.442 shall be commenced before the injured party reaches the age of 35 years or be barred.

The statute establishes an extended period of limitation for an action to recover damages for injury caused by two different types of acts as referenced in two separate clauses of the statute. The statute defines one type of act as an act that "would constitute a violation of"

---

[6] Neither party disputes that, if WIS. STAT. § 893.587 includes within its scope negligent hiring and supervision causes of action against secular organizations, the current version of the statute applies in this case.

7

the series of statutes enumerated in the first clause of § 893.587, all of which involve child sexual assault: sexual assault of a child (§ 948.02), repeated acts of sexual assault of the same child (§ 948.025), incest with a child (§ 948.06), sexual assault of a child placed in substitute care (§ 948.085), and sexual assault of a child by a school staff person or a person who works or volunteers with children (§ 948.095). The statute defines the other type of act as an act that "would create a cause of action under" the statute referenced in the second clause of § 893.587, which is WIS. STAT. § 895.442. Sec. 893.587. Section 895.442 creates a cause of action for damages for injury caused by sexual contact by a member of the clergy, against both the clergy member and the religious organization that employs the clergy member. Sec. 895.442. We address the two types of acts that are defined in the two clauses of § 893.587 in turn.

### A. Acts that violate enumerated criminal statutes

¶19 We begin with the language in the first clause of WIS. STAT. §893.587 that defines the first type of act. To repeat, that language establishes an extended time period to bring an action "to recover damages for injury caused by an act that would constitute a violation of" one or more of the enumerated child sexual assault statutes. Sec. 893.587. By the plain meaning of its language, the "damages" sought in the action must be for an "injury." The "injury" must be "caused by an act," which is the qualifying phrase that immediately follows the word "injury." *See Weber v. Meister*, 2016 WI 22, ¶29 and n.13, 367 Wis. 2d 447, 876 N.W.2d 746 (applying the "last-antecedent canon of statutory construction" "by which a court determines that qualifying words or phrases modify the words or phrases immediately preceding them."). The injury-causing act is qualified by the limitation that immediately follows the word "act," namely, "that would constitute a violation of" one or more of the enumerated statutes.

¶20 Read as a whole, this language in WIS. STAT. § 893.587 expressly expands the injury-causing act that may underlie the action for damages to any act that would violate any of the enumerated statutes. This language contains no express limitation regarding under what theory of liability an injured party may recover the damages sought for the injury, or what party an action may be brought against, in order to be subject to the extended period of limitation. By the plain meaning of this language, § 893.587 defines only the universe of injury-causing acts, not actors or theories of liability. Accordingly, whether a person may bring an action within the extended period provided in § 893.587 depends solely on whether the *injury* that is alleged in that action is "*caused by an act that would constitute a violation of*" one of the enumerated statutes. *Id.* (emphasis added). We turn to case law to inform our application of this language in § 893.587 to the negligent hiring and supervision action here.

¶21 The elements of a negligent hiring or supervision claim are as follows: "(1) the employer had a duty of care owed to the plaintiff; (2) the employer breached its duty; (3) *a wrongful act or omission of an employee was a cause-in-fact of the plaintiff's injury*; and (4) an act or omission of the employer was a cause-in-fact of the wrongful act of the employee." *John Doe 1 v. Archdiocese of Milwaukee*, 2007 WI 95, ¶16, 303 Wis. 2d 34, 734 N.W.2d 827 (emphasis added).

¶22 As to the interplay of the third and fourth elements regarding the issue of cause in negligent hiring and supervision claims, our supreme court has stated the following:

> With respect to a cause of action for negligent hiring, training[,] or supervision, we determine that the causal question is whether the failure of the employer to exercise due care was a cause-in-fact of the *wrongful act of the employee that in turn caused the plaintiff's injury*. In other words, there must be a nexus between the negligent hiring, training, or supervision and the act of the employee. This requires two questions with respect to causation. *The first is whether the wrongful act of the employee was a cause-*

> *in-fact of the plaintiff's injury.* The second question is whether the negligence of the employer was a cause-in-fact of the wrongful act of the employee. *The act of the employee, whether intentional or unintentional, must be causal to the injury sustained.* But equally important, the negligence of the employer must be connected to the act of the employee.
>
> *If the act of the employee was not a cause-in-fact of the injury, then there is no need to go further.* But if the wrongful act of the employee was a cause-in-fact of the plaintiff's injury, then the trier of fact must further determine if the failure of the employer to exercise due care in the hiring, training or supervision of the employee was a cause-in-fact of *the act of the employee which caused the injury.*

*Miller v. Wal-Mart Stores, Inc.*, 219 Wis. 2d 250, 262-63, 580 N.W.2d 233 (1998) (quoted source omitted) (emphasis added).

¶23     From the passages quoted above, it is evident that there are two causes-in-fact at issue in a successful negligent hiring and supervision action:  (1) the *employee's wrongful act* is a cause-in-fact of the alleged injury; and (2) the *employer's negligence* is a cause-in-fact of the employee's injury-causing act.  Therefore, by its terms, Fleming's action for negligent supervision is an action to recover damages for an injury caused by Kingcade's act.

¶24     This conclusion is supported by this court's determination in *Berg v. Schultz*, 190 Wis. 2d 170, 526 N.W.2d 781 (Ct. App. 1994) that the cause of the harm alleged in a negligence action against a business was the intentional conduct of a patron, rather than the business' negligence.  In that case, Berg was allegedly assaulted by another patron of a bar and filed a negligence action against the bar and the bar's owner for breaching its duty to protect its patrons "from injuries caused by other patrons." *Id.* at 173.  The issue before the court was whether the bar's liability insurer had a duty to defend and indemnify the bar based on an exclusion in the insurance policy for damages owed due to "bodily injury" "arising out of Assault and/or Battery." *Id.* at 173-74.

10

¶25    The insurance company argued that the exclusion applied because "although the plaintiff's theory of liability was negligence and the exclusionary language pertains to assault and battery," the exclusion "applies whenever the plaintiff's bodily *injury 'arises out of' an assault or battery, regardless of the theory of liability*." ***Id.*** at 176 (emphasis added).

¶26    This court agreed, stating, "[w]e must focus on the incident or injury that gives rise to the claim, not the plaintiff's theory of liability." ***Id.*** at 177. In other words, because the *cause* of the harm suffered in ***Berg*** was *the intentional assault* by the bar patron, that assault is what must be examined to determine whether coverage exists, not the theory of liability based on negligence. *See **id.*** at 178. Noting in addition that the policy exclusion did not limit its applicability to only intentional acts of the insured (the bar), ***id.***, the court explained, "[t]he only reasonable interpretation of the exclusion is that it applies to any damages arising out of assault or battery committed by *anyone*." ***Id.*** at 179 (emphasis added). The court concluded that the policy exclusion applied "[b]ecause Berg's [negligence] claim arises out of the assault," regardless of the fact that the claim brought was not an intentional tort but negligence. ***Id.*** at 176, 179.

¶27    This court's rationale in ***Berg*** supports our interpretation of the language in WIS. STAT. § 893.587. Section 893.587 contains no language either limiting the theory of liability under which the injured party may proceed in seeking damages, or limiting its applicability only to actions against the person whose acts were cause-in-fact of the injury for which damages are sought. *See* § 893.587. Consistent with ***Berg***, the only reasonable interpretation of § 893.587 is that it applies to any action for damages for injuries caused by acts that constitute violations of the enumerated statutes "*committed by anyone*," and regardless of whether the action brought is one of negligence against the actor's employer. *See **Berg***, 190 Wis. 2d at 179 (emphasis added).

¶28    Nevertheless, AAU argues that WIS. STAT. § 893.587 does not apply to actions based on negligence because the statute refers to "act[s] that would constitute a violation of" the enumerated statutes, and "[t]here is no act, alleged or otherwise, committed by AAU that would constitute a violation of one of the designated enumerated statutes." However, this argument disregards the actual language of the first clause of § 893.587 and takes it out of context. As explained above, § 893.587 states that it applies to actions seeking damages for *injuries caused by acts* that constitute violations of the enumerated statutes; there is no language in § 893.587 that limits its application only to actions seeking damages against the party whose acts constitute the *violations* of the enumerated statutes.

¶29    AAU further asserts that if the legislature intended WIS. STAT. § 893.587 to apply to such actions it could have included language that appears in other statutes which allow actions "regardless of the theory on which the action is based." While the legislature could have added "regardless of theory on which the action is based," in light of the language that it did use, it did not need to.[7] Because Fleming's negligent hiring and supervision action against AAU is brought to recover damages for *an injury* that is *caused by* a qualifying wrongful act of AAU's servant, § 893.587 is the applicable limitation statute.

---

[7] We note that the limitation statute that AAU argues applies to Fleming's action, WIS. STAT. § 893.54(1m)(a), *see* Section C., below, also does not use the "regardless of the theory on which the action is based" language or any other language specifically addressing negligence-based actions. *See* WIS. STAT. § 893.54(1m)(a) (stating that the three-year limitation statute applies to "[a]n action to recover damages for injuries to the person, including an action to recover damages for injuries to the person caused or sustained by or arising from an accident involving a motor vehicle."). To conclude that WIS. STAT. § 893.587 does not apply to Fleming's action because it does not specifically mention the theory of liability Fleming is suing under would logically commit us to conclude that § 893.54 does not apply to her action for the same reason.

### *B.  Acts that create a cause of action under* WIS. STAT. *§ 895.442*

¶30    We now address the language in the second clause of WIS. STAT. § 893.587 that defines the second type of injury-causing act.  As stated, the statute provides for an extended period of limitation for "[a]n action to recover damages for injury caused by an act that would constitute a violation of [WIS. STAT. §§ 948.02, 948.025, 948.06, 948.085, or 948.095 *or would create a cause of action under s. 895.442*."  Sec. 893.587 (emphasis added).  Section 895.442 provides that "any person who suffers an injury as a result of sexual contact with a member of the clergy that occurs while the person is under the age of 18" may bring an action against the clergy member and the religious organization that employed the clergy member "for all damages caused by that sexual contact."  Sec. 895.442(2)(a) and (b).[8]  The plain meaning of the language in § 893.587 is that the statute's extended period of limitation also applies to an action against a clergy member or the religious organization that employs the clergy member, which seeks damages caused by the clergy member's "sexual contact."  Sec. 895.442(2)(a).  Indeed, § 895.442 itself so provides.  WIS. STAT. § 895.442(4) ("An action under this section is subject to s. 893.587.").  Fleming does not allege that Kingcade was a member of the clergy or that

---

[8]  WISCONSIN STAT. § 895.442 states in pertinent part:

> (2)  Cause of action.
>
> (a)  Any person who suffers an injury as a result of sexual contact with a member of the clergy that occurs while the person is under the age of 18 may bring an action against the member of the clergy for all damages caused by that sexual contact.
>
> (b)  Any person who may bring an action under par. (a) may bring an action against the religious organization that employed the member of the clergy for all damages caused by that sexual contact if, at the time that the sexual contact occurred, another employee of that religious organization whose duties included supervising that member of the clergy knew or should have known that the member of the clergy previously had sexual contact with a person under the age of 18 and failed to do all of the following: ….

AAU is a religious organization.  Accordingly, the second type of act defined in the second clause of § 893.587 does not apply to Fleming's negligent hiring and supervision action.

¶31     Nevertheless, AAU argues that the legislature did not intend to allow WIS. STAT. § 893.587 to also apply to negligent hiring and supervision actions against secular organizations precisely because of the statute's reference to WIS. STAT. § 895.442.  AAU argues that, when the legislature enacted § 895.442, it did not create a similar provision, referenced in § 893.587, that created a cause of action against secular organizations and, therefore, § 893.587 does not apply to actions against secular organizations.  This argument fails for at least the following two reasons.

¶32     The first reason that AAU's argument fails is based on straightforward application of the foundational principle of statutory construction, which provides that we "begin with the statutory language."  *Kalal*, 271 Wis. 2d 633, ¶44.  AAU's argument completely overlooks the use of the word "or" between the two clauses in WIS. STAT. § 893.587 that define the two types of acts that must cause the injury for which damages are sought.  The word "or" "is a connector of alternative choices."  *See **Hull v. State Farm Mut. Auto. Ins. Co.***, 222 Wis. 2d 627, 638, 586 N.W.2d 863 (1998) (quoted source omitted).  Thus, the two defined types of injury-causing acts that may underlie an action for damages—an act that would violate one of the enumerated statutes defining as crimes certain conduct related to child sexual assault *or* an act that creates a cause of action under the statute that allows a suit to be brought against a clergy member or the religious organization that employs the clergy member when seeking damages for injuries caused by sexual contact by the clergy member—are alternatives, each of which alone would be sufficient to bring the action within the extended period of limitation in § 893.587.

¶33     As we have explained, the language in the first clause of WIS. STAT. § 893.587 that defines the first type of act preceding the word "or" applies to Fleming's

negligent hiring and supervision action brought against AAU as the alleged employer of a person who committed acts that constitute violations of one or more of the enumerated statutes defining criminal conduct relating to child sexual assault. While the language in the second clause of § 893.587 that defines the second type of act following the word "or" does not apply to Fleming's action against AAU, AAU points to no language in § 893.587 that excludes Fleming's action against AAU.

¶34 The second reason that AAU's argument fails is based on the history of WIS. STAT. § 895.442. *See **Brey***, 400 Wis. 2d 417, ¶20 (stating that statutory history is part of a plain meaning analysis). Prior to the enactment of § 895.442 in 2003, negligent hiring and supervision actions against religious organizations were barred by the First Amendment.[9] *See **Pritzlaff***, 194 Wis. 2d at 330. In **Pritzlaff** our supreme court held that the First Amendment barred such actions "due to concerns of excessive entanglement," as they "would require an inquiry into church laws, practices and policies." *Id.* In 2003, the legislature enacted § 895.442 establishing neutral criteria for negligent supervision claims against a religious organization arising from sexual contact by a member of the clergy. The result was to put such claims against religious organizations on equal footing as claims against secular organizations, which our supreme court had recognized in 1998. *See* **Miller**, 219 Wis. 2d 250 (recognizing negligent hiring and supervision claims against secular organizations).

¶35 In the same Act in which WIS. STAT. § 895.442 was created, the legislature amended WIS. STAT. § 893.587 to extend that limitation statute to actions for injuries caused by an act that would create a cause of action under § 895.442. *See* 2003 Wis. Act

---

[9] WISCONSIN STAT. § 895.442 was originally numbered WIS. STAT. § 895.71 when it was created in 2003. It was renumbered in 2005 to reflect its current version. The text of the statute has not changed except to reflect the renumbering; accordingly, when referring to either the newly enacted § 895.71 or current § 895.442, we use its current numbering, § 895.442. *See* § 895.71 (2003); 2005 Wis. Act 155, § 63; § 895.442.

279, §§ 6-7. The result, for actions seeking damages for injury caused by sexual contact by a member of the clergy, was to afford negligent hiring and supervision actions against religious organizations the same extended period of limitation that already existed for actions against secular organizations. *See Miller*, 219 Wis. 2d 250. With this context, AAU's argument that the legislature's inclusion of § 895.442 in § 893.587 indicates a deliberate *exclusion* of negligent hiring and supervision actions against secular organizations is unpersuasive. The inclusion of § 895.442 reasonably means that, with respect to seeking damages for injury caused by acts of child sexual assault, actions against religious organizations are treated the same as actions against secular organizations for limitation statute purposes.

¶36 In sum, the acts by Kingcade alleged in the complaint are acts that would (and as found by a jury, did) constitute a violation of one or more of the enumerated statutes within WIS. STAT. § 893.587, namely, WIS. STAT. § 948.02(2) (sexual contact or sexual intercourse with a person who had not attained the age of sixteen) and WIS. STAT. § 948.025 (repeated acts of sexual assault of the same child). Accordingly, Fleming's negligent hiring and supervision action against AAU is "[a]n action to recover damages for injury caused by an act that would constitute a violation of s. 948.02 [and] 948.025." Therefore, § 893.587 is the limitation statute that applies to Fleming's action. We next address AAU's remaining arguments to the contrary.

## C. AAU's remaining arguments

¶37 AAU makes two additional arguments that, as we now explain, fail because they rely on inapposite case law.

¶38 First, AAU argues that Fleming's action is subject to the three-year limitation statute, WIS. STAT. § 893.54(1m)(a), that is applicable to claims of negligence resulting in personal injury. AAU supports this argument by citing *Pritzlaff*, 194 Wis. 2d 302. In

*Pritzlaff*, the plaintiff sued the archdiocese of Milwaukee for, among other things, negligent hiring, training, and supervision, twenty-seven years after she was sexually abused by a priest when she was a child. *Id.* at 306-07, 310-11, 325. The court determined that the relevant limitation statute "for actions against the archdiocese is three years. *See* sec. 330.205, Stats. (1963), and its successor, sec. 893.54, Stats. (1993-94)." Accordingly, the court concluded that the negligent supervision claim was time-barred. *Id.* at 312. However, *Pritzlaff* was decided in 1995, eight years before the applicable version of WIS. STAT. § 893.587 was enacted. In 1995, WIS. STAT. § 893.587 only applied to causes of action "to recover damages for injury caused by incest" and provided for only two years to bring a qualifying action. Sec. 893.587 (1987). Thus, AAU's reliance on *Pritzlaff* is misplaced.

¶39    Second, AAU argues that "this precise issue was discussed in detail in *John Doe 1 v. Archdiocese of Milwaukee*, which found negligent hiring and supervision claims are governed by the ordinary negligence statute of limitation[] contained in WIS. STAT. § 893.54." *See John Doe 1* 303 Wis. 2d 34. AAU notes that the current version of § 893.587 was in effect at the time of the *John Doe 1* decision in 2007, and that "the court refused to apply the statute to the plaintiff's claims of negligent supervision and hiring." However, AAU's reliance on that case is also misplaced, as the *John Doe 1* plaintiffs' claims against the Archdiocese of Milwaukee had already expired by the time that § 893.587 was amended to include causes of action against religious organizations in 2003. *See id.* at ¶¶36 and 59 n.18. Accordingly, the court's application of § 893.54 in *John Doe 1* as the limitation statute is irrelevant here.

¶40    In sum, WIS. STAT. § 893.587 is the applicable limitation statute for Fleming's negligent hiring and supervision action against AAU because Fleming's action is one to recover damages for an injury that was caused by a violation of one or more of

the enumerated statutes in the first clause of § 893.587. We now examine whether the tolling statute, WIS. STAT. § 893.13, applies to Fleming's action.

## III. WISCONSIN STAT. § 893.13

¶41 To repeat, Fleming filed her action against AAU on November 1, 2019, in federal court when she was thirty-four years old. That action was dismissed for lack of personal jurisdiction on August 11, 2020. Fleming filed the instant case in Dane County circuit court on August 31, 2020, after Fleming had reached age thirty-five.

¶42 Fleming asserts that her current action is timely under WIS. STAT. § 893.587 as it was filed in accordance with WIS. STAT. § 893.13. That statute operates to toll the period of time in which to bring an action from when an action is commenced until final disposition, and extends the period of limitation for thirty days after that final disposition.

¶43 AAU argues that WIS. STAT. § 893.13 does not operate to toll the time for commencing an action under WIS. STAT. § 893.587 because § 893.587 is a statute of *repose*, whereas § 893.13 only applies to statutes of *limitation*. AAU asserts that § 893.587 "provides an absolute cutoff date," and that § 893.13 is "inapplicable."

¶44 As we explain, regardless of whether WIS. STAT. § 893.587 is a statute of repose or a statute of limitation, the distinction asserted by AAU is irrelevant for purposes of determining whether WIS. STAT. § 893.13 applies to toll the time within which plaintiffs may file actions under § 893.587, and AAU provides no legal support for its argument to the contrary.

¶45 WISCONSIN STAT. § 893.13 states in pertinent part:

> (2) *A law limiting the time for commencement of an action* is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. *The law limiting the time for commencement of the action* is tolled for the period from

18

the commencement of the action until the final disposition of the action.

(3) If a period of limitation is tolled under sub. (2) by the commencement of an action and the time remaining after final disposition in which an action may be commenced is less than 30 days, the period within which the action may be commenced is extended to 30 days from the date of final disposition.

(Emphasis added.)

¶46 Statutes of repose have been consistently defined as statutes that "*limit[] the time period within which an action may be brought* based on the date of the act or omission." ***Aicher ex rel. LaBarge v. Wisconsin Patients Comp. Fund***, 2000 WI 98, ¶26, 237 Wis. 2d 99, 613 N.W.2d 849 (emphasis added); ***Landis v. Physicians Ins. Co. of Wisconsin***, 2001 WI 86, ¶28, 245 Wis. 2d 1, 628 N.W.2d 893 (emphasis added); ***Hamilton v. Hamilton***, 2003 WI 50, ¶28, 261 Wis. 2d 458, 661 N.W.2d 832 (emphasis added). Statutes of limitation "*establish[] the time frame within which a claim must be initiated* after a cause of action actually accrues." ***Hamilton***, 261 Wis. 2d 458, ¶29 (emphasis added). These definitions echo the language in WIS. STAT. § 893.13(2) stating that the tolling provisions apply to "law[s] *limiting the time for commencement of an action*." Sec. 893.13(2) (emphasis added).

¶47 Therefore, regardless of whether WIS. STAT. § 893.587 is a statute of repose or a statute of limitation, WIS. STAT. § 893.13 acts to toll the time to commence an action once an action is brought until its final disposition, and extends "the period within which the action may be commenced … to [thirty] days from the date of final disposition." Sec. 893.13(2)-(3). Here, Fleming filed the current action within thirty days of the final disposition of her action in federal court (its dismissal for lack of personal jurisdiction). Therefore, her action is timely under § 893.13.

19

¶48　AAU does not develop any argument based on the language of WIS. STAT. § 893.13. Nor does AAU provide any legal authority for its conclusory assertion that § 893.13 does not apply to statutes of repose because "tolling the statute of repose under WIS. STAT. § 893.13 would undermine its utility by allowing a defendant to remain liable even after the fixed date has passed." We do not consider this argument further. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 (providing that we need not consider "[a]rguments unsupported by legal authority" (citation omitted)); *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we may decline to consider arguments that are inadequately briefed or lack references to pertinent legal authority).

## CONCLUSION

¶49　For the reasons stated above, we conclude that Fleming's action against AAU is subject to WIS. STAT. § 893.587 and timely under WIS. STAT. § 893.13. Therefore, we reverse the circuit court's order granting AAU's motion to dismiss and remand to the circuit court for further proceedings.

*By the Court.*—Order reversed, and cause remanded for further proceedings.