# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2021AP1054 |

| | |
|---|---|
| COMPLETE TITLE: | Femala Fleming, |
| |    Plaintiff-Appellant, |
| |   v. |
| | Amateur Athletic Union of the United States, Inc., |
| |    Defendant-Respondent-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 404 Wis. 2d 377, 979 N.W.2d 614
PDC No: 2022 WI App 46 - Published

| | |
|---|---|
| OPINION FILED: | May 17, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 23, 2023 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | Circuit |
|  COUNTY: | Dane |
|  JUDGE: | Rhonda L. Lanford |

JUSTICES:
ZIEGLER, C.J., delivered the majority opinion of the Court, in which ROGGENSACK, REBECCA GRASSL BRADLEY, and HAGEDORN, JJ., joined. KAROFSKY, J., filed a dissenting opinion, in which ANN WALSH BRADLEY and DALLET, JJ., joined.

NOT PARTICIPATING:

ATTORNEYS:

For the defendant-respondent-petitioner, there were briefs filed by *John J. Reid* and *Cassiday Schade LLP,* Milwaukee. There was an oral argument by *John J. Reid.*

For the plaintiff-appellant, there was a brief filed by *James P. Scoptur, Jeffrey M. Herman, Jason S. Sandler,* and *Aiken & Scoptur,* Brookfield, and *Herman Law,* Boca Raton. There was an oral argument by *Jeffrey M. Herman.*

An amicus curiae brief was filed by *Timothy W. Burns, Jesse J. Bair, Nathan M. Kuenzi,* and *Burns Bair LLP,* Madison, for CHILD USA.

**2023 WI 40**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2021AP1054
(L.C. No. 2020CV1789)

STATE OF WISCONSIN      :      IN SUPREME COURT

**Femala Fleming,**

    **Plaintiff-Appellant,**

    **v.**

**Amateur Athletic Union of the United States, Inc.,**

    **Defendant-Respondent-Petitioner.**

**FILED**

**MAY 17, 2023**

Sheila T. Reiff
Clerk of Supreme Court

---

ZIEGLER, C.J., delivered the majority opinion of the Court, in which ROGGENSACK, REBECCA GRASSL BRADLEY, and HAGEDORN, JJ., joined. KAROFSKY, J., filed a dissenting opinion, in which ANN WALSH BRADLEY and DALLET, JJ., joined.

---

REVIEW of a decision of the Court of Appeals. *Reversed.*

¶1 ANNETTE KINGSLAND ZIEGLER, C.J. This is a review of a published decision of the court of appeals, <u>Fleming v. Amateur Athletic Union of the United States, Inc.</u>, 2022 WI App 46, 404 Wis. 2d 377, 979 N.W.2d 614, reversing the Dane County circuit court's[1] order dismissing Femala Fleming's action against Amateur

---

[1] The Honorable Rhonda L. Lanford presided.

Athletic Union of the United States, Inc. ("AAU") as untimely under Wis. Stat. § 893.54 (2021-22).[2] We reverse.

¶2 Fleming argues that she timely filed her negligence claim against AAU because the governing statute of limitations is Wis. Stat. § 893.587, which requires that "[a]n action to recover damages for injury caused by an act that would constitute a violation of" certain ch. 948 sexual assault offenses against children "shall be commenced before the injured party reaches the age of 35 years or be barred." According to Fleming, § 893.587 governs her negligence claim because she alleged AAU negligently hired, retained, and supervised Shelton Kingcade, who sexually assaulted Fleming between 1997 and 2000, making her "injury caused by an act that would constitute a violation of" an enumerated ch. 948 offense. She also argues that Wis. Stat. § 893.13 tolls this deadline for "30 days from the date of final disposition" of Fleming's "action to enforce [her] cause of action." Because Fleming originally filed her action against AAU in federal court, turned 35 years old while that action was pending, and filed this action in the Dane County circuit court within 30 days after her federal action was dismissed, Fleming argues that her action was timely filed.

¶3 At issue is not whether Fleming could sue Kingcade. Our analysis concerns only the claim against AAU. We conclude that Fleming's negligence claim against AAU was not timely

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

filed.   Wisconsin Stat. § 893.587 does not provide the governing statute of limitations for Fleming's negligence claim against AAU because her claim is not "[a]n action to recover damages for injury caused by an act that would constitute a violation of" an enumerated ch. 948 offense.   Instead, Fleming's "action to recover damages" is "for" "injury caused by an" entirely different act——AAU's act of negligently hiring, retaining, and supervising Kingcade.   Because Fleming does not allege that AAU committed an enumerated injury-causing act, her claim is not "[a]n action to recover damages" to which § 893.587 applies. The governing time limit is instead the three-year statute of limitations under Wis. Stat. § 893.54 as extended by Wis. Stat. § 893.16, which the parties agree would bar Fleming's negligence claim against AAU if applicable.   Accordingly, Fleming's claim is time-barred, and the circuit court was correct to grant AAU's motion to dismiss.   We therefore do not reach the issue of whether the tolling period under Wis. Stat. § 893.13 applies to § 893.587.

## I.   FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶4   The following facts are taken from Fleming's complaint as well as federal and state court case records, including

documents AAU attached as exhibits to its motion to dismiss.[3] We accept these facts as true for purposes of our review. Data Key Partners v. Permira Advisers LLC, 2014 WI 86, ¶18, 356 Wis. 2d 665, 849 N.W.2d 693.

¶5 Between 1997 and 2000, Fleming was a member of the Madison Spartans Youth Basketball Club, an AAU-affiliated youth basketball program. AAU is a non-profit "multi-sport organization dedicated to the promotion and development of amateur sports and physical fitness programs," and which "sponsors and sanctions athletic events, including basketball tournaments in Wisconsin and Minnesota." Fleming's coach was Shelton Kingcade, an adult male who coached both the Madison Spartans and Fleming's school basketball team. "Kingcade applied for and became a member and/or volunteer affiliated with" AAU, and he maintained this affiliation at all relevant times. "In order for a coach to participate in AAU tournaments, he must be a member of the AAU. Furthermore, athletes can only participate in AAU tournaments with coaches who are AAU members."

---

[3] AAU argued to the circuit court that the court could accept the facts in these exhibits as "incorporated into the pleadings by reference." "The incorporation-by-reference doctrine 'prevents a plaintiff from "evad[ing] dismissal . . . simply by failing to attach to his complaint a document that prove[s] his claim has no merit."'" Soderlund v. Zibolski, 2016 WI App 6, ¶38, 366 Wis. 2d 579, 874 N.W.2d 561 (quoting Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012)) (alterations in original). The circuit court and court of appeals considered the contents of these exhibits in ruling on AAU's motion, and Fleming does not object to our doing the same here.

¶6 Kingcade sexually assaulted Fleming on multiple occasions during the relevant period, for which he was later convicted of repeated sexual assault of a child contrary to Wis. Stat. § 948.025(1) and second-degree sexual assault of a child contrary to Wis. Stat. § 948.02(2). State v. Kingcade, No. 2015CF1094 (Dane Cnty. Cir. Ct. June 27, 2016). These assaults "occurred in Kingcade's home and in hotels rented by Kingcade," and while Fleming and Kingcade attended tournaments "sanctioned and organized" by AAU. Fleming was a minor, between the ages of 13 and 16, during this entire period. She alleges that Kingcade was previously arrested and convicted of second-degree sexual assault of a minor in 1990, again arrested but not convicted of the same offense in 1992, that Kingcade's supervisor was aware of the conviction, and that "AAU was aware or should have been aware that Kingcade was convicted of Second-Degree Sexual Assault of a Minor in 1990."

¶7 On November 1, 2019, Fleming filed a complaint in the United States District Court for the Western District of Wisconsin alleging various causes of action against AAU, Dane County, the Madison Metropolitan School District, and Kingcade's supervisor Stephen Blue. Doe v. Amateur Athletic Union of the U.S., Inc., No. 19-cv-901-jdp (W.D. Wis.). Fleming turned 35 years old on November 4, 2019, while that action was still pending, and the district court dismissed that action on August 11, 2020, on jurisdictional grounds. Id.

¶8 On August 31, 2020, Fleming filed this action against AAU in the Dane County circuit court alleging AAU was negligent

5

in hiring, retaining, and supervising Kingcade, and "[a]s a direct and proximate result of [AAU's] negligence" Fleming "was sexually abuse[d] by Kingcade" and suffered damages. AAU filed a motion to dismiss based on the three-year statute of limitations under Wis. Stat. § 893.54(1m)(a) for negligence claims. Fleming argued this statute of limitations is inapplicable and that the appropriate statute of limitations is instead Wis. Stat. § 893.587, which states, "[a]n action to recover damages for injury caused by an act that would constitute a violation of [certain enumerated criminal sexual assault offenses against minors] . . . . shall be commenced before the injured party reaches the age of 35 years or be barred." Fleming further argued that, though she already reached the age of 35, Wis. Stat. § 893.13 tolled the limitations period during the duration of her federal action, making this claim timely. AAU responded in supplemental briefing that § 893.13 did not toll the limitations period because "§ 893.587 functions as a statute of repose, not limitations and as such, it is explicitly not subject to tolling."

¶9  In a written decision dated April 30, 2021, the circuit court granted AAU's motion to dismiss. The court concluded,

> Due to the nature of the statutes listed in [Wis. Stat.] § 893.587, and the legislature choosing to hold religious organizations accountable until an individual reaches the age of 35 and not extending that accountability to other similar groups this Court finds that [§ ]893.587 was not intended to provide an extended statute of limitations for the claims

6

> Plaintiff sets forth in her Complaint. The Court finds that Wis. Stat. [§ ]893.54 applies and Plaintiff's lawsuit is time-barred.

Because the circuit court concluded § 893.54(1m)(a) was the applicable statute of limitations, the court did not reach the issue of whether Wis. Stat. § 893.13 applied to toll the limitations period.

¶10 Fleming appealed, and the court of appeals reversed. The court of appeals first concluded that Wis. Stat. § 893.587 applies to Fleming's negligence claim because the statute's language "expressly expands the injury-causing act that may underlie the action for damages to any act that would violate any of the enumerated statutes" and "defines only the universe of injury-causing acts, not actors or theories of liability." Fleming, 404 Wis. 2d 377, ¶20. The court also held that Wis. Stat. § 893.13 tolled that limitations period because, "regardless of whether Wis. Stat. § 893.587 is a statute of repose or a statute of limitation, the distinction asserted by AAU is irrelevant" as the tolling statute applies to both. Id., ¶¶44-48. As a result, the court of appeals concluded that Fleming timely filed her action in state court. Id., ¶49.

¶11 AAU petitioned this court for review on the questions of whether Wis. Stat. § 893.587 provides the applicable time limitation for Fleming's negligence action and, if so, whether Wis. Stat. § 893.13 tolls that limit. We granted review.

## II. STANDARD OF REVIEW

¶12 "In this case, we review a motion to dismiss for failure to state a claim. 'Whether a complaint states a claim

upon which relief can be granted is a question of law for our independent review; however, we benefit from discussions of the court of appeals and circuit court.'" Saint John's Communities, Inc. v. City of Milwaukee, 2022 WI 69, ¶13, 404 Wis. 2d 605, 982 N.W.2d 78 (quoting Data Key Partners, 356 Wis. 2d 665, ¶17).

¶13 "The motion to dismiss here is based on whether the complaint was timely filed under the applicable statute of limitations . . . ." Doe 56 v. Mayo Clinic Health Sys., 2016 WI 48, ¶14, 369 Wis. 2d 351, 880 N.W.2d 681. "This involves the interpretation and application of a statute to an undisputed set of facts, which also presents a question of law we review de novo. If a complaint is not timely filed, the claim is time-barred and dismissal will be upheld." Id. (citation omitted).

¶14 "Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute. We assume that the legislature's intent is expressed in the statutory language." State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. "Thus, we have repeatedly held that statutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" Id., ¶45 (quoting Seider v. O'Connell, 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659). "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or

8

unreasonable results." Id., ¶46. Additionally, "[s]tatutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." Id. "Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." Id. "However, even where the statutory language bears a plain meaning, 'we nevertheless may consult extrinsic sources "to confirm or verify a plain-meaning interpretation."'" Westmas v. Creekside Tree Serv., Inc., 2018 WI 12, ¶20, 379 Wis. 2d 471, 907 N.W.2d 68 (quoting State v. Grunke, 2008 WI 82, ¶22, 311 Wis. 2d 439, 752 N.W.2d 769).

### III. ANALYSIS

¶15 AAU raised three issues in its petition for review: (1) whether an injured party bringing "claims for negligent hiring and negligent supervision of the sexual abuser of a child . . . may file such claims against a non-abuser at any time before reaching the age of 35 years under Wis. Stat. § 893.587"; (2) "[a]re claims for negligent hiring and negligent supervision of a sexual abuser subject to the three-year limitations period in Wis. Stat. § 893.54"; and (3) "[i]f Wis. Stat. § 893.587 applies to Fleming's claims against a non-abuser, does § 893.587 operate as a statute of repose to which no tolling provision applies . . . or as a statute of limitations, such that the tolling provisions in Wis. Stat. § 893.13 apply to extend the time within which Fleming may file her action under § 893.587."

9

¶16  We begin by reviewing Wis. Stat. §§ 893.54(1m)(a) and 893.587, and we explain that Fleming's claim may proceed only if the governing statute of limitations is § 893.587.  We then interpret § 893.587, and we conclude it does not govern Fleming's negligence claim against AAU.  Instead, the applicable statute of limitations[4] is the three-year period under § 893.54(1m)(a) as extended by Wis. Stat. § 893.16, which renders Fleming's claim time-barred.  We therefore do not reach the issue of whether the tolling period under Wis. Stat. § 893.13 applies to § 893.587.

A.   The Competing Limitations Periods

¶17  The primary dispute in this case is which of two statutes of limitations governs Fleming's negligence claim against AAU:  Wis. Stat. §§ 893.587 or 893.54(1m)(a).

¶18  Fleming argues the governing statute of limitations is Wis. Stat. § 893.587.  Under this statute,

> An action to recover damages for injury caused by an act that would constitute a violation of s. 948.02, 948.025, 948.06, 948.085, or 948.095 or would create a cause of action under s. 895.442 shall be commenced before the injured party reaches the age of 35 years or be barred.

§ 893.587.  Fleming filed her action in federal court on November 1, 2019, and she turned 35 years old three days later on November 4, 2019.  The Western District of Wisconsin

---

[4] One issue raised in the briefing is whether Wis. Stat. § 893.587 is a statute of limitations or a statute of repose. We do not reach this issue.  However, for the sake of simplicity, we refer to § 893.587 as a statute of limitations.

dismissed her federal action on August 11, 2022.   Under Wis. Stat. § 893.13,

> (2)   A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies.   The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.
>
> (3)   If a period of limitation is tolled under sub. (2) by the commencement of an action and the time remaining after final disposition in which an action may be commenced is less than 30 days, the period within which the action may be commenced is extended to 30 days from the date of final disposition.

According to Fleming, this statute tolls the limitations period by the length of her federal action plus an additional 30 days.[5] Because she filed this action in the circuit court on August 31, 2020, only 20 days after her federal action was dismissed, Fleming concludes her action is timely.

¶19  AAU argues the governing statute of limitations is not Wis. Stat. § 893.587 but is instead Wis. Stat. § 893.54(1m)(a). Under § 893.54(1m)(a), "[a]n action to recover damages for injuries to the person" "shall be commenced within 3 years or be barred."   "The three year period begins on the same date that the cause of action accrued against [AAU]."   Pritzlaff v. Archdiocese of Milwaukee, 194 Wis. 2d 302, 312, 533 N.W.2d 780 (1995).   For "a person entitled to bring an action [who] is, at

---

[5] Fleming argues in the alternative that 28 U.S.C. § 1367(d) applies and accomplishes the same result.   We likewise do not reach this argument.

11

the time the cause of action accrues, . . . under the age of 18 years," Wis. Stat. § 893.16 extends this limitations period to the age of 20.[6]

---

[6] Wisconsin Stat. § 893.16 provides in full:

(1) If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

(2) Subsection (1) does not shorten a period of limitation otherwise prescribed.

(3) A disability does not exist, for the purposes of this section, unless it existed when the cause of action accrues.

(4) When 2 or more disabilities coexist at the time the cause of action accrues, the 2-year period specified in sub. (1) does not begin until they all are removed.

(5) This section applies only to statutes in this chapter limiting the time for commencement of an action or assertion of a defense or counterclaim except it does not apply to:

(a) Actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for escape;

(b) Extend the time limited by s. 893.33, 893.41, 893.59, 893.62, 893.73 to 893.76, 893.77(3), 893.86 or 893.91 or subch. VIII for commencement of an action or assertion of a defense or counterclaim; or

(c) A cause of action which accrues prior to July 1, 1980.

¶20 Both AAU and Fleming agree that if Wis. Stat. § 893.587 does not provide the governing statute of limitations for Fleming's claim, then the governing statute of limitations is instead Wis. Stat. § 893.54(1m)(a) as extended by Wis. Stat. § 893.16.   They also agree that, even with this extension, Fleming's claim would be time-barred if § 893.54(1m)(a) is the governing statute of limitations.   Accordingly, Fleming's claim may proceed only if § 893.587 governs her claim and Wis. Stat. § 893.13 tolls the limitations period.

B.   Wisconsin Stat. § 893.587

¶21 As always, we begin with the text of the statute.   To repeat, Wis. Stat. § 893.587, titled "Sexual assault of a child; limitation," reads as follows:

> An action to recover damages for injury caused by an act that would constitute a violation of s. 948.02, 948.025, 948.06, 948.085, or 948.095 or would create a cause of action under s. 895.442 shall be commenced before the injured party reaches the age of 35 years or be barred.

The statute applies to two types of actions.   The first is "[a]n action to recover damages for injury caused by an act that would constitute a violation of" certain enumerated statutes.   Id. Each of these enumerated statutes is a criminal offense relating to sexual assault of children.[7]   The second type of action is

---

[7] The enumerated offenses include sexual assault of a child (Wis. Stat. § 948.02), engaging in repeated acts of sexual assault of the same child (Wis. Stat. § 948.025), incest with a child (Wis. Stat. § 948.06), sexual assault of a child placed in substitute care (Wis. Stat. § 948.085), and sexual assault of a child by a school staff person or a person who works or volunteers with children (Wis. Stat. § 948.095).

13

"[a]n action to recover damages for injury caused by an act that . . . would create a cause of action under s. 895.442." Id. Wisconsin Stat. § 895.442 provides a cause of action for "[a]ny person who suffers an injury as a result of sexual contact with a member of the clergy that occurs while the person is under the age of 18." § 895.442(2)(a). It also provides a cause of action against a religious organization:

> Any person who may bring an action under par. (a) may bring an action against the religious organization that employed the member of the clergy for all damages caused by that sexual contact if, at the time that the sexual contact occurred, another employee of that religious organization whose duties included supervising that member of the clergy knew or should have known that the member of the clergy previously had sexual contact with a person under the age of 18 and failed to do all of the following:
>
> 1. Report that sexual contact under s. 48.981(3).
>
> 2. Exercise ordinary care to prevent similar incidents from occurring.

§ 895.442(2)(b).

¶22 Fleming argues that Wis. Stat. § 893.587 applies because her action against AAU for negligence is "[a]n action to recover damages for injury caused by an act that would constitute a violation of" an enumerated ch. 948 offense. All agree the alleged negligent acts of AAU——negligently hiring, retaining, and supervising Kingcade——do not "constitute a violation of" an enumerated ch. 948 offense or "create a cause of action under s. 895.442." However, according to Fleming, § 893.587 nonetheless applies because her injury was ultimately caused by Kingcade sexually assaulting her, making her injury

14

"caused by an [enumerated] act."  In other words, Fleming furthers the court of appeals' argument that § 893.587's "first clause does not impose any restriction based on whom the action is against or the theory of liability."

¶23  We disagree.  Wisconsin Stat. § 893.587 does not apply to Fleming's negligence claim against AAU because her claim is not "[a]n action to recover damages for injury caused by an act that would constitute a violation of" an enumerated ch. 948 offense.  Rather, Fleming's claim is an entirely different kind of "action to recover damages" because it is "for" injury caused by AAU's negligence, not "injury caused by an [enumerated] act."

¶24  Wisconsin Stat. § 893.587 defines the particular "action to recover damages" to which the extended limitations period applies.  The statute defines the "action to recover damages" using two criteria:  the presence of an injury, and the type of injury-causing act.  First, there must be "an injury."  Second, the injury-causing act must be one of the enumerated acts.  A qualifying "action to recover damages" must therefore allege both an injury and an enumerated injury-causing act.

¶25  Additionally, and most important to this case, it is not enough that the "action to recover damages" is "for injury" and that this injury be "caused by an [enumerated] act."  This reading isolates portions of the statute, failing to give the whole statute its "common, ordinary, and accepted meaning." Kalal, 271 Wis. 2d 633, ¶45.  Rather, the "action to recover

15

damages" must be "for"[8] the particular "injury caused by an [enumerated] act." Section 893.587 defines a qualifying "action to recover damages." If the alleged injury-causing "act" is not one of the enumerated acts, then this changes the nature of the "action to recover damages." It is no longer "[a]n action to recover damages" "for" "injury caused by an [enumerated] act"; it is instead "[a]n action to recover damages" "for" "injury caused by" an entirely different act. When the injury-causing "act" changes, so too does the nature of the "action to recover damages."

¶26 In other words, the question is not whether the injury was "caused by an act that would constitute a violation of" an enumerated ch. 948 offense. That interpretation reads out the first part of the clause and disregards the fact that Wis. Stat. § 893.587 defines a qualifying "action to recover damages." Rather, the question is whether the plaintiff's action is "[a]n action to recover damages for" the injury as caused by an enumerated act. If the alleged injury was caused by an enumerated act, but the "action to recover damages" is not "for" injury as caused by that same act, then it is a different kind of "action to recover damages," and § 893.587 does not apply. As a result, for § 893.587's extended limitations period to apply, at the motion to dismiss stage, a plaintiff must have

---

[8] See For, The American Heritage Dictionary of the English Language 709 (3d ed. 1992) ("[u]sed to indicated the object, aim, or purpose of an action or activity"; "[u]sed to indicate equivalence or equality").

16

alleged in the complaint that the defendant caused the plaintiff's injury by committing an enumerated act.

¶27 A review of Wis. Stat. § 893.587's statutory history supports this plain meaning. "A review of statutory history is part of a plain meaning analysis. Statutory history encompasses the previously enacted and repealed provisions of a statute." Richards v. Badger Mut. Ins. Co., 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581 (citation omitted).

¶28 Wisconsin Stat. § 893.587's original form contained the same operative language we interpret here, but the only enumerated act was incest:

> An action to recover damages for injury caused by incest shall be commenced within 2 years after the plaintiff discovers the fact and the probable cause, or with the exercise of reasonable diligence should have discovered the fact and the probable cause, of the injury, whichever occurs first.

Wis. Stat. § 893.587 (1987-88) (emphasis added). The crime of incest could only be committed by "persons related by blood or adoption." Doe v. Archdiocese of Milwaukee, 211 Wis. 2d 312, 351, 565 N.W.2d 94 (1997) (citing Wis. Stat. § 948.06 (1993-94)). In cases of incest, the perpetrator's access to the child is due to a familial relationship, not the perpetrator's affiliation with any third person or organization.

¶29 The legislature amended this statute in 2001 to expand the list of enumerated acts. Whereas the previous version applied to "[a]n action to recover damages for injury caused by incest," the amended version applied to "[a]n action to recover damages for injury caused by an act that would constitute a

17

violation of s. 948.02, 948.025, 948.06, or 948.095." 2001 Wis. Act 16, § 3862x. Importantly, this amendment only expanded the list of enumerated acts beyond incest. The legislature's intent as evident from the text was to eliminate the requirement that the perpetrator have a familial or adoptive relationship with the child. It retained the same operative language——"[a]n action to recover damages for injury caused by"——and did not extend the limitations period in any way other than by expanding this list of enumerated acts.

¶30 The legislature amended Wis. Stat. § 893.587 in 2003 again to expand the list of enumerated acts. It added to this list "an act that . . . would create a cause of action under s. 895.[442]."[9] 2003 Wis. Act 279, § 6. Wisconsin Stat. § 895.442 provides a cause of action for "[a]ny person who suffers an injury as a result of sexual contact with a member of the clergy that occurs while the person is under the age of 18" "against the member of the clergy" and "against the religious organization that employed the member of the clergy." § 895.442(2)(a) and (b). This amendment continued the legislature's pattern of defining the specific conduct that exposed a person to claims under § 893.587's extended limitations period.

¶31 Under Fleming's interpretation, several parts of Wis. Stat. § 893.587 would be meaningless. "Where possible,

_____

[9] The amendment cited Wis. Stat. § 895.71, which has since been renumbered to Wis. Stat. § 895.442.

18

statutory provisions dealing with the same subject matter should be interpreted 'in a manner that harmonizes them in order to give each full force and effect.'  Further, '[a] construction of a statute rendering a portion of it meaningless must be avoided.'"  Belding v. Demoulin, 2014 WI 8, ¶33, 352 Wis. 2d 359, 843 N.W.2d 373 (first quoting Madison Metro. Sch. Dist. v. Cir. Ct. for Dane Cnty., 2011 WI 72, ¶101, 336 Wis. 2d 95, 800 N.W.2d 442; and then quoting State v. Kruse, 101 Wis. 2d 387, 395, 305 N.W.2d 85 (1981)).  If § 893.587's first clause applied to claims against persons or organizations that did not themselves commit an enumerated "act," there would be no need for the statute to reference claims against religious organizations under § 895.442.[10]  The same is true for another

---

[10] Fleming argues our interpretation cannot be correct because it "would create a constitutional problem by discriminating against religious organizations."  However, "the purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect."  State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.  It is true that "[a] court should avoid interpreting a statute in such a way that would render it unconstitutional."  Am. Fam. Mut. Ins. Co. v. DOR, 222 Wis. 2d 650, 667, 586 N.W.2d 872 (1998).  But the constitutional-doubt canon does not trump a plain meaning.  "[T]he canon rests instead upon a judicial policy of not interpreting ambiguous statutes to flirt with constitutionality, thereby minimizing judicial conflicts with the legislature."  Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 249 (2012).  The canon thus "has no application in the absence of statutory ambiguity." United States v. Palomar-Santiago, 593 U.S. ___, 141 S. Ct. 1615, 1622 (2021) (quoting United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483, 494 (2001)).  Therefore, "[w]e will not rewrite a law to conform it to constitutional requirements."  United States v. Stevens, 559 U.S. 460, 481 (2010).  We likewise will not decide whether any portion of Wis.

statute enumerated as a qualifying "act"——Wis. Stat. § 948.06, the incest statute. That statute defines the crime of incest, but it also imposes criminal liability on a person responsible for a child's welfare whose inaction exposes the child to the risk of incest:

> (2) Is a person responsible for the child's welfare and:
>
> (a) Has knowledge that another person who is related to the child by blood or adoption in a degree of kinship closer than 2nd cousin or who is a child's stepparent has had or intends to have sexual intercourse or sexual contact with the child;
>
> (b) Is physically and emotionally capable of taking action that will prevent the intercourse or contact from occurring or being repeated;
>
> (c) Fails to take that action; and
>
> (d) The failure to act exposes the child to an unreasonable risk that intercourse or contact may occur between the child and the other person or facilitates the intercourse or contact that does occur between the child and the other person.

§ 948.06(2). The extended limitations period under § 893.587 therefore applies to claims against persons who did not commit incest but did commit an offense in violation of § 948.06(2). If all that mattered was the injury-causing act, § 893.587 would not need to reference this offense. These examples demonstrate that the statutes enumerated as qualifying acts under § 893.587 specifically identify when the extended limitations period

---

Stat. § 893.587 is unconstitutional as a consequence of our interpretation, as that is a question for another day, and we must not prejudge the issue.

applies against persons or organizations that did not directly commit an act of sexual abuse. Where the limitations period has broader application, the enumerated statutes say so. Fleming's interpretation would render reference to these provisions meaningless.

¶32 Indeed, our prior application of Wis. Stat. § 893.587 is consistent with this plain meaning. In Doe 1 v. Archdiocese of Milwaukee, 2007 WI 95, 303 Wis. 2d 34, 734 N.W.2d 827, we determined the proper limitations periods for claims brought by three plaintiffs who alleged, "when they were children, a now-deceased Roman Catholic priest . . . abused them sexually after he had been criminally convicted of sexually molesting another child and the Archdiocese knew of his conviction." Id., ¶3. The plaintiffs brought claims of negligent supervision and fraud against the Archdiocese. Id., ¶5. Though the plaintiffs' injuries were all ultimately caused by acts of sexual abuse, we concluded that the limitations period in Wis. Stat. § 893.587 did not apply to their fraud claims against the Archdiocese[11]:

> The statutes listed in Wis. Stat. 893.587 refer to acts of sexual assault, incest, or sexual exploitation. The act that the complaints allege caused injury is the Archdiocese's fraudulent misrepresentation, i.e., the representation that the

---

[11] We did not address Wis. Stat. § 893.587 with regard to the negligent supervision claims because "those claims accrued at the time of abuse in the mid–1970s or 1982 and were barred by the statute of limitations then in effect. Wisconsin Stat. § 893.587 was not created until 2003 and did not take effect until May 2004." Doe 1 v. Archdiocese of Milwaukee, 2007 WI 95, ¶59 n.18, 303 Wis. 2d 34, 734 N.W.2d 827 (citing 2003 Wis. Act 279, § 6).

21

> Archdiocese did not know the priests had histories of sexually abusing children and did not know the priests were dangerous to children. None of the statutes listed in § 893.587 refers to fraudulent misrepresentations. Therefore, the statute does not apply to these claims of fraud.

Id., ¶60. It is therefore consistent for us to hold that § 893.587 only applies to claims against persons or organizations that directly committed an enumerated act.

¶33 Consulting extrinsic sources further confirms this plain meaning. Even though Wis. Stat. § 893.587 is unambiguous, we may nonetheless consult extrinsic sources, such as legislative history, but only "to confirm the plain meaning." Anderson v. Aul, 2015 WI 19, ¶112, 361 Wis. 2d 63, 862 N.W.2d 304 (Ziegler, J., concurring).

¶34 The legislature originally enacted Wis. Stat. § 893.587 to provide an extended limitations period for actions against abusers, codifying the court of appeals' decision in Hammer v. Hammer, 142 Wis. 2d 257, 418 N.W.2d 23 (Ct. App. 1987). Hammer involved a suit against the plaintiff's "father for incestuous abuse, intentional infliction of emotional distress, and negligent infliction of emotional distress." Id. at 259. The issue was "whether the discovery rule . . . applies to cases of incestuous abuse." Id. We held, "as a matter of law, that a cause of action for incestuous abuse will not accrue until the victim discovers, or in the exercise of reasonable diligence should have discovered, the fact and cause of the

22

injury."[12]  Id. at 264.  "The legislature later codified the Hammer decision by enacting Wis. Stat. § 893.587 as the statute of limitations for claims of incest."  Doe, 211 Wis. 2d at 336; accord 1987 Wis. Act 332, § 22m.  The fact that the legislature enacted § 893.587 in response to Hammer, where the only claim was against the individual who committed the incest, supports our interpretation of § 893.587.

¶35 The legislature has also considered, but repeatedly rejected, an amendment that would achieve Fleming's proposed interpretation.  The first instance of this was in 2007, where the legislature rejected an amendment that would have extended Wis. Stat. § 893.587 to claims "against any person"[13]:

> An action to recover damages against any person for injury caused by ~~an act that would constitute a violation of s. 948.02, 948.025, 948.06, 948.085, or 948.095~~ an adult's sexual contact with anyone under the age of 18 or by an act committed by an adult that would create a cause of action under s. 895.442 ~~shall~~ may be commenced ~~before the injured party reaches the age of 35 years or be barred~~ at any time.

2007 S.B. 356; 2007 A.B. 651.  In fact, the legislature considered the very same amendment numerous times in the following years.  See 2009 S.B. 319; 2009 A.B. 839; 2009 A.B.

---

[12] The discovery rule no longer applies, as Wis. Stat. § 893.587 was later amended to remove language that incorporated the rule: "within 5 years after the plaintiff discovers the fact and the probable cause, or with the exercise of reasonable diligence should have discovered the fact and the probable cause, of the injury, whichever occurs first."  2003 Wis. Act 279, § 6.

[13] Underlines indicate proposed additions, and strikethroughs indicate proposed deletions.

23

453; 2011 S.B. 345; 2011 A.B. 461; 2013 S.B. 225; 2013 A.B. 265; 2015 S.B. 262; 2015 A.B. 348; 2019 S.B. 381; 2019 A.B. 424. It rejected the amendment each time, indicating that § 893.587 does not apply to claims "against any person."

¶36 We therefore conclude the limitations period in Wis. Stat. § 893.587 applies only to claims alleging that the defendant caused the plaintiff's injury by committing an enumerated act. The question is not whether the injury was "caused by an act that would constitute a violation of" an enumerated ch. 948 offense. Rather, the question is whether the plaintiff's action is "[a]n action to recover damages for" the injury as caused by an enumerated act. If the alleged injury was caused by an enumerated act, but the "action to recover damages" is not "for" the injury as caused by that same act, then the "action to recover damages" is not "for" "injury caused by an [enumerated] act," and § 893.587 does not apply.

C. Fleming's Claim Against AAU

¶37 We conclude that Fleming's claim against AAU does not qualify as "[a]n action to recover damages for injury caused by an [enumerated] act" under Wis. Stat. § 893.587. The governing statute of limitations is instead the three-year period under Wis. Stat. § 893.54(1m)(a). Accordingly, Fleming's claim is time-barred.

¶38 Fleming's claim against AAU is "for negligence in its hiring, retention and supervision of Kingcade as a coach-

24

member."[14] In her complaint, Fleming alleged, "As a direct and proximate result of Defendant AAU's negligence, [Fleming] has suffered severe psychological, emotional and physical injuries, and emotional distress."

¶39 We first recognized a cause of action for negligent supervision in Miller v. Wal-Mart Stores, Inc., 219 Wis. 2d 250, 580 N.W.2d 233 (1998), which involved a claim by a shopper alleging "Wal-Mart employees unlawfully stopped, detained, searched, and interrogated him." Id. at 258. Relevant to this case, we explained the causation element for such claims as requiring two wrongful acts——one by the employer, and one by the employee:

> With respect to a cause of action for negligent hiring, training or supervision, we determine that the causal question is whether the failure of the employer to exercise due care was a cause-in-fact of the wrongful act of the employee that in turn caused the plaintiff's injury. In other words, there must be a nexus between the negligent hiring, training, or supervision and the act of the employee. This requires two questions with respect to causation. The first is whether the wrongful act of the employee was a cause-in-fact of the plaintiff's injury. The second question is whether the negligence of the employer was a cause-in-fact of the wrongful act of the employee. . . . The act of the employee, whether intentional or unintentional, must be causal to the injury sustained. But equally important, the negligence of the employer must be connected to the act of the employee.

---

[14] We refer to such claims in shorthand as "negligent supervision" claims.

25

Id. at 262. Fleming argues this is significant because it means a negligent supervision claim "inherently includ[es] the intentional tort committed by the perpetrator."

¶40 We do not place the same significance on the fact that negligent supervision claims require two causal acts. Fleming's claim is not "[a]n action to recover damages" to which Wis. Stat. § 893.587 applies. "While negligent supervision does require an underlying wrong to be committed by the employee as an element, the tort actually focuses on the tortious, i.e. negligent, conduct of the employer." Doyle v. Engelke, 219 Wis. 2d 277, 291 n.6, 580 N.W.2d 245 (1998), overruled on other grounds by Talley v. Mustafa, 2018 WI 47, 381 Wis. 2d 393, 911 N.W.2d 55. To argue that an employer's act of negligent supervision "inherently includ[es]" an employee's intentional tort conflates the two separate acts, and it morphs liability for negligence into vicarious liability.[15] See Lewis v. Physicians Ins. Co. of Wis., 2001 WI 60, ¶11, 243 Wis. 2d 648, 627 N.W.2d 484 (quoting Vicarious Liability, Black's Law Dictionary 927 (7th ed. 1999)) ("[T]he law in certain circumstances will impose 'vicarious liability' on a non-negligent party. Vicarious liability is '[l]iability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee)

---

[15] We leave for another day, however, the issue of whether Wis. Stat. § 893.587 applies to claims that a defendant is vicariously liable for injury caused by the enumerated act of another.

because of the relationship between the two parties.'"). Fleming's claim against AAU is "for injury caused by" AAU's negligence, not Kingcade's intentional tort.[16] For this reason, § 893.587 does not apply.

¶41 Though Fleming did suffer an injury, and that injury was in part caused by an act enumerated under Wis. Stat. § 893.587, her claim against AAU is not based on that act. For § 893.587 to apply, Fleming's claim would have to be "for" injury as caused by an enumerated act——Kingcade's act of sexual assault. However, her claim is for injury as caused by an entirely separate act——AAU's negligence, an act that all agree is not enumerated in § 893.587 and would not constitute an enumerated offense. This changes the nature of Fleming's "action to recover damages" such that it is not "for" "injury caused by an [enumerated] act," and § 893.587 therefore does not apply.[17]

¶42 Both AAU and Fleming agree that if Wis. Stat. § 893.587 does not provide the governing statute of limitations

---

[16] We emphasize that this distinction is based on the alleged act, not the theory of liability applied to that act.

[17] We have previously held that a negligent supervision claim is a "derivative cause[] of action" which "accrue[s] at the same time that the underlying intentional tort claims accrue[]." Doe v. Archdiocese of Milwaukee, 211 Wis. 2d 312, 366, 565 N.W.2d 94 (1997). However, this conclusion is based on application of the discovery rule to determine when a limitations period commences for a derivative claim. See Pritzlaff v. Archdiocese of Milwaukee, 194 Wis. 2d 302, 311-15, 533 N.W.2d 780 (1995). That rationale does not inform our decision here because the discovery rule does not apply under the current version of Wis. Stat. § 893.587.

27

for Fleming's claim, then the governing statute of limitations is instead Wis. Stat. § 893.54(1m)(a) as extended by Wis. Stat. § 893.16. They also agree that, even with this extension, Fleming's claim would be time-barred if § 893.54(1m)(a) is the governing statute of limitations. Therefore, because § 893.587 does not provide the governing statute of limitations, Fleming's claim against AAU is time-barred, and the circuit court was correct to grant AAU's motion to dismiss.

## IV. CONCLUSION

¶43 Fleming argues that she timely filed her negligence claim against AAU because the governing statute of limitations is Wis. Stat. § 893.587, which requires that "[a]n action to recover damages for injury caused by an act that would constitute a violation of" certain ch. 948 sexual assault offenses against children "shall be commenced before the injured party reaches the age of 35 years or be barred." According to Fleming, § 893.587 governs her negligence claim because she alleged AAU negligently hired, retained, and supervised Kingcade, who sexually assaulted Fleming between 1997 and 2000, making her "injury caused by an act that would constitute a violation of" an enumerated ch. 948 offense. She also argues that Wis. Stat. § 893.13 tolls this deadline for "30 days from the date of final disposition" of Fleming's "action to enforce [her] cause of action." Because Fleming originally filed her action against AAU in federal court, turned 35 years old while that action was pending, and filed this action in the Dane

28

County circuit court within 30 days after her federal action was dismissed, Fleming argues that her action was timely filed.

¶44 At issue is not whether Fleming could sue Kingcade. Our analysis concerns only the claim against AAU. We conclude that Fleming's negligence claim against AAU was not timely filed. Wisconsin Stat. § 893.587 does not provide the governing statute of limitations for Fleming's negligence claim against AAU because her claim is not "[a]n action to recover damages for injury caused by an act that would constitute a violation of" an enumerated ch. 948 offense. Instead, Fleming's "action to recover damages" is "for" "injury caused by an" entirely different act——AAU's act of negligently hiring, retaining, and supervising Kingcade. Because Fleming does not allege that AAU committed an enumerated injury-causing act, her claim is not "[a]n action to recover damages" to which § 893.587 applies. The governing time limit is instead the three-year statute of limitations under Wis. Stat. § 893.54 as extended by Wis. Stat. § 893.16, which the parties agree would bar Fleming's negligence claim against AAU if applicable. Accordingly, Fleming's claim is time-barred, and the circuit court was correct to grant AAU's motion to dismiss. We therefore do not reach the issue of whether the tolling period under Wis. Stat. § 893.13 applies to § 893.587.

*By the Court.*—The decision of the court of appeals is reversed.

¶45 JILL J. KAROFSKY, J. *(dissenting).* This case demands that we answer a straightforward question: Under Wis. Stat. § 893.587, is Femala Fleming's[1] action against the Amateur Athletic Union (AAU) an "action to recover damages for injury caused by an act that would constitute a violation of" an enumerated child sexual assault statute? I would answer this question with a resounding "yes." Fleming's action requires her to prove that the following two acts caused her injury: (1) the AAU negligently hired and supervised Kingcade; and (2) Kingcade sexually assaulted her when she was a child. Therefore, Fleming's action is "an action to recover damages for injury caused by an act that" undisputedly constitutes a violation of §§ 948.025(1) & 948.02(2).[2] The majority atextually reads Wis. Stat. § 893.587 to require that "the <u>defendant</u> cause[] the plaintiff's injury <u>by committing</u> an enumerated act"[3] and thus improperly excludes actions to recover damages for injury caused by more than one act. Therefore, I respectfully dissent.

¶46 Having decided that Wis. Stat. § 893.587 operates to allow Fleming to file her action against the AAU until she turns 35, I would also hold that such limitation is tolled under Wis. Stat. § 893.13. This section applies in general terms to any

---

[1] This court generally refers to victims using pseudonyms. However, on appeal Fleming referred to herself by name. We therefore follow her lead and refer to her by name.

[2] Fleming's coach, Shelton Kingcade, has already been convicted of repeated sexual assault of the same child under Wis. Stat. § 948.025(1) and second degree sexual assault of a child under § 948.02(2) for the conduct alleged in this action.

[3] See Majority op., ¶26 (emphasis added).

1

"law limiting the time for commencement of an action," and thus applies in this case whether § 893.587 is considered a statute of limitations or a statute of repose. Wis. Stat. § 893.13(2). As such, Fleming's filing was timely and should not be dismissed on those grounds. I would affirm the court of appeals decision and remand the cause for further proceedings.

## I. BACKGROUND

¶47 The majority provides an accurate description of the facts of this case which I briefly reiterate here. Fleming brought an action against the AAU alleging that a supervising member of the AAU was aware that Kingcade had been convicted of second-degree sexual assault of a minor in 1990 and was arrested, but not convicted, for the same offense in 1992. Despite knowledge of the these convictions, the AAU——an organization that promotes and organizes youth and adult athletic events——granted Kingcade membership and allowed him to coach Fleming's youth basketball team between 1997 and 2000 without adequate supervision. During the time Kingcade was a member and coach with the AAU, he assaulted Fleming on multiple occasions. Fleming was between 13 and 16 years old at the time of the assaults.

¶48 Fleming filed a complaint in the United States District Court for the Western District of Wisconsin when she was 34 years old, and she turned 35 while the action was pending. That federal action was then dismissed on jurisdictional grounds, and Fleming filed this action in the

2

Dane County Circuit Court within 30 days of the federal action's dismissal.

## II. ANALYSIS

¶49 We must determine whether Fleming's claim was timely filed. The facts regarding when Fleming filed her claim are undisputed. The parties dispute: (1) whether Wis. Stat. § 893.587 extends the time period in which Fleming may bring her claims against the AAU until she is 35 years old; and if so, (2) whether Wis. Stat. § 893.13 tolls said limitation for 30 days from the time her federal action was dismissed. Both are matters of statutory interpretation which we decide independently. Duncan v. Asset Recovery Specialists, Inc., 2022 WI 1, ¶9, 400 Wis. 2d 1, 968 N.W.2d 661. I begin by addressing Wis. Stat. § 893.587 and then will turn to the tolling statute, Wis. Stat. § 893.13.

### A. Wisconsin Stat. § 893.587

¶50 Wisconsin Stat. § 893.587 reads in full:

> An action to recover damages for injury caused by an act that would constitute a violation of s. 948.02, 948.025, 948.06, 948.085, or 948.095 or would create a cause of action under s. 895.442 shall be commenced before the injured party reaches the age of 35 years or be barred.

The language of this statute is not, on its face, difficult to understand. The phrase "caused by an act that would constitute a violation of [an enumerated statute]" modifies the word "injury." The relevant action brought by the injured party must therefore be to recover damages for injury caused by such an act.

3

¶51 In this case Fleming alleges that the AAU was negligent in hiring, retaining, and supervising Kingcade.[4] The elements of a negligent supervision claim are: (1) the organization had a duty of care owed to the plaintiff; (2) the organization breached its duty; (3) a wrongful act or omission of an organization member was a cause-in-fact of the plaintiff's injury; and (4) an act or omission of the organization was a cause-in-fact of the wrongful act of the member. See John Doe 1 v. Archdiocese of Milwaukee, 2007 WI 95, ¶16, 303 Wis. 2d 34, 734 N.W.2d 827. Specifically, the cause of action in this case is to recover damages for injury caused by two acts: (1) Kingcade's assault of Fleming; and (2) the AAU's negligent act of allowing Kingcade to become a member of the AAU and coach youth basketball without adequate supervision despite his history of child sexual assault. Fleming must prove that both acts caused her injury in order to establish causation and recover damages.

¶52 If the AAU had allowed Kingcade to become an AAU member and coach despite his history of child sexual assault but Kingcade had not then assaulted Fleming, then Fleming would not be able to support this specific cause of action against the AAU. Fleming's injury, as alleged in this particular cause of

---

[4] The elements of these negligence claims are generally expressed in terms of an employer/employee relationship. Fleming's claim characterizes Kingcade as a "servant" of the AAU. Neither the relationship between the AAU and Kingcade nor the applicability of such negligence claims to these facts are at issue in this appeal. As such, I present the elements as an organization/member relationship, and, for simplicity, focus on the negligent supervision claim.

action, would not have existed but for Kingcade's assaults. Those assaults are acts that would constitute (and in fact did constitute) a violation of Wis. Stat. §§ 948.02 & 948.025. Therefore, Flemings's specific cause of action is to recover damages for injury caused by acts that constitute a violation of an enumerated child sexual assault statute. Section 893.587 squarely governs and extends the time to file a claim until Fleming turns 35.

¶53 The majority opinion confuses this plain reading in a number of ways. First, it tortures the language of the statute to create an atextual requirement that the defendant in the action be the same person who committed the act of child sexual assault enumerated in the statute. Second, the majority focuses on the statutory and legislative history of Wis. Stat. § 893.587 but fails to acknowledge that the statutory language never excluded actions against third parties. Third, the majority mistakenly asserts that Fleming's reading of the statute renders operative portions of the statutes meaningless. Fourth, the majority's approach raises constitutional issues that are easily avoided by a straightforward reading of the statute. I will address each of the majority's missteps in turn.

1. Textual Analysis

¶54 The majority's first misstep is a tortured textual analysis that contradicts itself in its quest to add additional requirements not present in the statute. The majority opinion begins by rightly acknowledging that "the statute defines the 'action to recover damages' using two criteria: the presence of

5

an injury, and the type of injury-causing act." Majority op., ¶24. But the majority quickly contradicts itself, insisting that "it is not enough that the 'action to recover damages' is 'for injury' and that this injury be 'caused by an [enumerated] act.'" Id., ¶25. If the statute provides only two criteria to define the "action to recover damages," then how could those criteria not be enough?

¶55 The majority then asserts that "the question is not whether the injury was 'caused by an act that would constitute a violation of' an enumerated ch. 948 offense" because such a reading does not account for the part of the statute that requires "an action to recover damages." Id., ¶26. That is nonsense. The words of the statute clearly indicate that this is precisely the question to answer, and the "action to recover damages" language remains fully operative. There clearly must be an action to recover damages, and the statute sets out two criteria for what that action must be: it must be for injury and the injury must be caused by an act that would constitute a violation of an enumerated statute. As set out above, Fleming's action against the AAU satisfies both criteria.

¶56 All of the majority's attempts to reorder the words of the statute lead to the same result. The reordering only serves to confuse the analysis and provide an opening to create atextual requirements. For example, the majority opinion states that "if the alleged injury was caused by an enumerated act, but the 'action to recover damages' is not 'for' injury as caused by that same act, then it is a different kind of 'action to recover

6

damages' and § 893.587 does not apply." Id. As already explained, Fleming's action against the AAU is an "action to recover damages" "for" injury caused by an enumerated act and an additional act of negligence by the AAU. Fleming's cause of action requires her to establish that both acts caused her injury. Thus, Fleming's cause of action satisfies this formulation of the majority's reading of the statute as well.

¶57 The majority then maintains that "[a]s a result, for § 893.587's extended limitations period to apply . . . a plaintiff must have alleged in the complaint that the defendant caused the plaintiff's injury by committing an enumerated act." Id. (emphasis added). This requirement that the defendant themselves must have committed an enumerated act comes out of thin air and not from the words of the statute──no matter how the majority reorders or emphasizes certain words.

¶58 Wisconsin Stat. § 893.587 does not specify who the action to recover damages must be against. The statute does not qualify the nature of the action other than that it must be for a qualifying injury. Fleming's injury qualifies under the criteria of the statute.

¶59 The majority supports its reading, in part, by looking to Doe 1's analysis, which declined to apply Wis. Stat. § 893.587 to a fraudulent representation claim. Majority op., ¶32; Doe 1 v. Archdiocese of Milwaukee, 2007 WI 95, 303 Wis. 2d 34, 734 N.W.2d 827. Doe 1 explicitly left open the question

7

presented to us in this case.[5]  However, its holding that negligent supervision claims are derivative of the employee's wrongful acts while fraudulent representation claims are not weighs heavily in Fleming's favor, rather than the AAU's.  See Doe 1, 303 Wis. 2d 34, ¶50.  The Doe 1 court distinguished the two types of claims based on the cause of the plaintiffs' injuries, which goes to the very heart of the question presented to us today.

¶60  Doe 1 concerned claims of both negligent supervision and fraudulent representation by multiple plaintiffs.  The negligent supervision claims were based on the Archdiocese's unsupervised placement of a priest who had previously molested children and the priest's subsequent molestation of more children.  Id., ¶5.  The fraudulent representation claims were based on the Archdiocese's affirmative representation that the priest did not have a history of molesting children.  Id.

¶61  On the negligent supervision claim, Doe 1 held that "the claims of negligent supervision made here are derivative of the underlying sexual molestations."  Id., ¶36.  As the court explained, "a derivative claim is one 'that derives from, grows out of, or results from an earlier or fundamental state or condition.'"  Id., ¶24 fn. 11 (citing Webster's Third New International Dictionary Unabridged 608 (1961 ed.)).  In the

---

[5] Wisconsin Stat. § 893.587 did not apply to the negligent supervision claims in Doe 1 because the assaults occurred on or before 1982, prior to the relevant amendments to § 893.587.  Doe 1 v. Archdiocese of Milwaukee, 2007 WI 95, ¶59 n. 18, 303 Wis. 2d 34, 734 N.W.2d 827.

8

case of negligent supervision, the claim derives, or results from, the employee's wrongful act. Id. In contrast, "claims for fraud based on intentional misrepresentations are distinguishable from negligent supervision claims" because "fraud claims are not derivative . . . ." Id., ¶50. A fraud claim is not derivative, the court reasoned, because it "does not require proof of a wrong by an employee that causes injury to another." Id., ¶24 fn. 11. Instead, "the wrongful act is the . . . fraudulent representation" and "[f]raud claims, if proven, provide a separate cause of the plaintiffs' injuries." Id., ¶50.

¶62 The Doe 1 court's assertion that Wis. Stat. § 893.587 did not apply to fraudulent representation claims is consistent with its holding regarding derivative claims. It makes sense that if an action for fraudulent representation "does not require proof of a wrong by an employee that causes injury to another," then it is not an "action to recover damages for injury caused by an act that would constitute a violation" of the child sexual assault statutes. See id., ¶24 fn. 11; § 893.587. The same logic does not apply to a negligent hiring action, which is "derivative of an employee's wrongful act that causes injury to another" and does require proof that an employee's wrongful acts caused the plaintiff's injury. See Doe 1 303 Wis. 2d 34, ¶16; ¶24 fn. 11.

¶63 Even without the "derivative" versus "not derivative" labels, all we need to do is look to the elements of a negligent supervision claim and an intentional misrepresentation claim to

9

distinguish them. The elements of fraudulent misrepresentation, as discussed in Doe 1, are:

> (1) the defendant made a factual representation; (2) which was untrue; (3) the defendant either made the representation knowing it was untrue or made it recklessly without caring whether it was true or false; (4) the defendant made the representation with intent to defraud and to induce another to act upon it; and (5) the plaintiff believed the statement to be true and relied on it to his/her detriment.

Id., ¶38 (quoting Kaloti Enters., Inc. v. Kellogg Sales Co., 2005 WI 111, ¶12, 283 Wis. 2d 555, 699 N.W.2d 205). Each of these elements is focused exclusively on the acts of the person making the representation and the response of the plaintiff. In contrast, the elements of a negligent supervision claim require both that "a wrongful act or omission of an employee was a cause-in-fact of the plaintiff's injury" and that "an act or omission of the employer was a cause-in-fact of the wrongful act of the employee." Id., ¶16. The elements require two acts by different actors. In Fleming's case, she must establish one act by Kingcade, and one act by the AAU. Thus, based on these elements, § 893.587 should apply to Fleming's negligent supervision cause of action even though it was not applied to the fraudulent representation claims in Doe 1.

¶64 In sum, neither the language of the statute nor Doe 1 supports the majority's assertion that § 893.587 applies only to actions where the defendant is the same person who committed the act of child sexual assault. Instead, both the language of the statute and Doe 1 indicate that Fleming's action is "[a]n action to recover damages for injury caused by an act that would

10

constitute a violation of" an enumerated child sexual assault statute, and thus can be brought until Fleming turns 35.

## 2. Statutory and Legislative History

¶65 The majority recounts the legislative history of Wis. Stat. § 893.587 without ever acknowledging that the statute was always written to apply to actions against third parties.[6] The relevant portion of the statute originally read: "An action to recover damages for injury caused by incest shall be commenced within 2 years after the plaintiff discovers the fact and the probable cause . . . ." Wis. Stat. § 893.587 (1987-88). The operative language has not changed. It emphasizes that the action to recover damages be for injury, and that the injury be caused by incest. This does not mean that the only action to recover damages could be against the person committing incest.

¶66 The legislature's subsequent amendments did not change this operative language. The legislature never introduced a requirement regarding the identity of the defendant in the action to recover damages. See 2001 Wis. Act 16, 2003 Wis. Act 279, 2005 Wis. Act 277.

---

[6] The majority goes so far as to state that "the fact that the legislature enacted § 893.587 in response to Hammer, where the only claim was against the individual who committed the incest, supports our interpretation of § 893.587." ¶34. The language of a statute cannot be limited by the specific fact pattern presented in a case that inspired the drafting of that statute. This court should not imply that statutes can be thus limited.

11

¶67 The majority also finds it significant that the legislature has, on multiple occasions, rejected the following proposed amendment:[7]

> An action to recover damages <u>against any person</u> for injury caused by ~~an act that would constitute a violation of s. 948.02, 948.025, 948.06, 948.085, or 048.095~~ <u>an adult's sexual contact with anyone under the age of 18</u> or <u>by an act committed by an adult that would create a cause of action under s. 895.442</u> ~~shall~~ <u>may</u> be commenced ~~before the injured party reaches the age of 45 or be barred~~ <u>at any time</u>.

This amendment includes the addition of the words "against any person" to qualify the action to recover damages. But that is not the only change it would make. The proposed amendment would also remove <u>any</u> limitation on the time period in which a child victim must bring an action to recover damages. It would also add a requirement that the injury-causing act be committed by an adult and would remove the enumerated child sexual assault statutes in favor of more general language encompassing any sexual contact with a child. The legislature may have rejected this amendment because it disagreed with any number of these significant proposed changes. This rejection does not reliably indicate that the legislature was concerned about the addition of the phrase "against any person."

¶68 But even if the only proposed change in this amendment were the addition of "against any person," we could just as easily assume the legislature rejected such a proposal because the change is unnecessary. The statute currently contains no

---

[7] Underlines indicate proposed additions, and strikethroughs indicate proposed deletions.

12

parameters regarding the identity of the defendant. Why would the legislature need to further specify that the action to recover damages could be against any person? In short, the legislature wrote and amended the statute so that it has always applied to actions against third-parties.

### 3. Surplusage

¶69 The majority mistakenly states that reading Wis. Stat. § 893.587 as I do——providing no limitations regarding the identity of the defendant——would render several parts of Wis. Stat. § 893.587 meaningless. See majority op., ¶31. The parts the majority reference as meaningless actually functionally expand § 893.587 under any reading of the statute. Furthermore, the majority appears to forget that the enumerated statutes serve a purpose beyond their connection to § 893.587, which renders the referenced language far from meaningless.

¶70 In 2001, the legislature amended Wis. Stat. § 893.587 to apply to acts other than incest and to include enumerated statutory references rather than referencing only the general act of incest. 2001 Wis. Act 16. Now, instead of an undefined reference to an "act of incest," § 893.587 lists enumerated statutes that clearly define the possible injury-causing acts. This clarifying change could not be rendered "meaningless" by any reading of the statute.

¶71 In 2003, the legislature again amended § 893.587 to extend the limitation period to when the victim turns 35 and to include an "act that would create a cause of action under s. 895.71" to the enumerated injury-causing acts. 2003 Wis. Act

13

279. Section 895.71 was later renumbered to § 895.442. Section 895.442 creates a cause of action against clergy who have sexual contact with a minor as well as a cause of action against religious organizations who knowingly hire clergy who have previously had sexual contact with a minor.

¶72 The majority asserts that Fleming's interpretation of § 893.587 would render this amendment meaningless because if the statute already included claims against third parties, "there would be no need for the statute to reference claims against religious organizations." Majority op., ¶31. Not so——referencing § 895.442 increased the scope of § 893.587 to include causes of action that were not covered by any of the other enumerated statutes. First, adding § 895.442 expanded the limitation period for victims to bring an action against a clergy member if they were abused by the clergy member when they were 16 or 17 years old. Likewise, adding § 895.442 expanded the limitation period for 16- or 17-year-old victims to bring a claim against a third party (in this case the religious organization). This is true even though the statute already applied to actions against third parties for injuries caused by violations of the other enumerated statutes.[8] The reference to

_____

[8] The references to Wis. Stat. § 948.02 and § 948.025 would not allow for such claims because they both require the victim to be under 16 years old, § 948.06 and § 948.085 may not apply because they require a familial or care-taking relationship between perpetrator and victim, and § 948.095 may not apply because it requires the perpetrator to be a school staff member or in a position that requires the perpetrator to work directly with children. Each of these are additional requirements that § 895.442 does not include.

§ 895.442 was therefore not meaningless, but instead functionally expanded the scope of the statute. To the extent that causes of action brought under § 895.442 might overlap with those brought for violations of the other enumerated statutes, the same can be said for the other enumerated statutes under any reading of § 893.587.[9]

¶73 Furthermore, the majority ignores the fact that the enumerated statutes serve an independent purpose outside of their use in § 893.587. The majority claims that the enumerated statutes "specifically identify when the extended limitations period applies against persons or organizations that did not directly commit an act of sexual abuse." Id. But that is not true. The enumerated statutes create some offenses or causes of action against persons or organizations that did not directly commit an act of sexual abuse, but the statutes do not do so for the purpose of identifying an extended limitation period. The enumerated statutes' purpose is to create and define those offenses or causes of action. In contrast, § 893.587 addresses

---

[9] For instance, § 948.025 requires three or more violations of certain subsections of § 948.02. The fact that § 893.587 lists both statutes even though § 948.02 covers acts that violate § 948.025 suggests that the legislature may have prioritized covering its bases over maximum efficiency. Although we avoid reading a statute to create surplusage, the legislature is not restricted to writing statutes in the most efficient manner possible. See Milwaukee Dist. Council 48 v. Milwaukee Cnty., 2019 WI 24, ¶24, 385 Wis. 2d 748, 924 N.W.2d 153 (discussing the "reality that '[s]ometimes drafters do repeat themselves and do include words that add nothing of substance.'" (quoting Scalia & Garner, Reading Law: the Interpretation of Legal Texts 176 (2012)).

15

only the timing limitation of actions and does not create any action in and of itself.

¶74 The fact that Wis. Stat. § 893.587 already contemplates the timing limitation of a common law cause of action for negligent supervision does not influence the legislature's decision to implement a statutory cause of action for negligent supervision by religious organizations in § 895.442(2)(b). Likewise, it is not meaningless to include a reference to that statutory cause of action in § 895.587. As such, Fleming's reading of the statue, which I would adopt, does not render any portion of the statutes meaningless.

#### 4. Constitutional Avoidance

¶75 Finally, the majority's reading of the statute likely renders the statute unconstitutional. This issue could be easily avoided by adopting Fleming's straightforward reading of the statute.

¶76 I agree with the majority that a canon of interpretation cannot trump a plain meaning interpretation of an unambiguous statute. See majority op., ¶31 n.10. But as I explain above, the majority does not offer a convincing reading of the plain meaning of Wis. Stat. § 893.587, let alone an unambiguous reading. Here, I maintain that the statute unambiguously applies to third-party claims. However, if I were to accept the majority's alternative reading as reasonable, and thus agreed that the statue is ambiguous, the principle of constitutional avoidance supports Fleming's position. When faced with an ambiguous statute where one reading of the statute

16

raises serious constitutional questions, this court has long favored the reading of the statute that avoids constitutional issues. See Baird v. La Follette, 72 Wis. 2d 1, 5, 239 N.W.2d 536 (1976) ("Where there is serious doubt of constitutionality, we must look to see whether there is a construction of the statute which is reasonably possible which will avoid the constitutional question.").

¶77 The majority's reading both twists the language of the statute and gives rise to a possible constitutional issue. Under the majority's reading, §§ 893.587 and 895.442 work together to allow an extended period of time for a victim to bring a negligent supervision cause of action, but only against a religious organization. An action against any other secular organization for acts of its employees or members would have a much shorter statute of limitations. This arbitrarily favors secular organizations and clearly runs the risk of violating both the Federal and Wisconsin Constitutions.[10] Such a risk can be easily avoided by interpreting the statute as I have, which would provide a consistent limitations period in which to bring negligent supervision claims based on a violation of an enumerated statute.

---

[10] U.S. Const. amend. I; Wis. Const. art. I, § 8.

17

B. Tolling

¶78 Wisconsin Stat. § 893.13[11] operates to toll a "law limiting the time for commencement of an action" while the action is pending and for up to "30 days from the date of final disposition" of that action. Wis. Stat. § 893.13(2), (3). The AAU argues that Wis. Stat. § 893.587 is a statute of repose rather than a statute of limitations. As such, it argues that § 893.13 does not operate to toll the limitation in § 893.587.

¶79 There is no functional difference between a statute of limitations and a statute of repose in Wisconsin law, at least for the purposes of determining whether a tolling statute applies. See Landis v. Physicians Ins. Co. of Wis., 2001 WI 86, ¶¶51-61, 245 Wis. 2d 1, 628 N.W.2d 893 (holding that the statutory phrase "any applicable statute of limitations" includes statutes of repose, in part because "the phrase 'statute of repose' is judicial terminology and is not featured in legislative lingo."). Whether § 893.587 is a statute of limitations or a statute of repose, it is a "law limiting the time for commencement of an action." Wis. Stat. § 893.13. As such, § 893.13 tolls the time limit set in § 893.587.

¶80 Fleming filed her action in federal court before she turned 35 years old—before the limitation period under Wis. Stat. § 893.587 ran. She then filed her action in Wisconsin

---

[11] The briefing in this case focuses on Wis. Stat. § 893.13 as the operative statute to toll Fleming's statute of limitation while her federal case was pending. It appears that both § 893.13 and 893.15 are required to toll a limitation during the pendency of a federal case, but this does not change the relevant analysis, so I will also focus on § 893.13.

18

court within 30 days of the final disposition of the federal case.  Her action was timely filed.

### III.  CONCLUSION

¶81 Fleming's cause of action against the AAU for negligent supervision is "an action to recover damages for injury caused by an act that would constitute a violation of . . . s. 948.02 [and] 948.025" under Wis. Stat. § 893.587. As such, Fleming had until she was 35 years old to bring her action against the AAU, and the time limit was further tolled by § 893.13.  Because the majority ignores the plain meaning of § 893.587's text and holds that Fleming's action is untimely, I respectfully dissent.

¶82 I am authorized to state that Justices ANN WALSH BRADLEY and REBECCA FRANK DALLET join this dissent.

19